No. 162.—DANIEL LEE *v.* W. B. TAYLOR, Administrator, etc., et al.

A vendor cannot maintain an action to rescind a sale and retake the property conveyed without returning or tendering to the vendee the portion of the price which he has received.

APPEAL from the District Court, parish of DeSoto. *Jones, J.   R. J. Bowman,* for plaintiff and appellee.  *C. D. Bullock,* for defendant and appellant.

HOWE, J.  This suit was instituted against the administrator of A. J. Taylor, deceased, and against Elizabeth Lane to dissolve for non-payment of the price a sale of a plantation made by plaintiff to A. J. Taylor on the eleventh November, 1858. The price was $3200, of which $1000 was paid in cash, and the balance represented by two notes for $1100 each. One of these notes was paid, and the sum of $170 50 was paid on account of the other. The latter fell due January 4, 1861, and citation was served in this case January 18, 1867.

The petition alleges that in the year 1864 A. J. Taylor sold the land to Samuel Ivey for Confederate money, and that the latter made a donation thereof to the defendant Elizabeth Lane, who, with her husband was in possession. The defendant Lane, pleaded a general denial except as modified by the admissions of the answer, admitted the sale from Taylor to Ivey, and the donation to herself, denied that the sale from Taylor to Ivey was a nullity, and also pleaded the prescription of five years.

The cause was tried before a jury, who gave a verdict that the sale be rescinded, and judgment was rendered accordingly. The defendant Mrs. Lane, appealed.

The pleadings and the evidence in this case show an attempt upon the part of the plaintiff to dissolve a sale on account of a nonpayment of part of the price without returning or offering to return the much larger portion already paid to him.

This is not permitted by law.  "The dissolving condition is that which when accomplished operates the revocation of the obligation, placing matters in the same state as though the obligation had not existed." C. C. 2040. When therefore the vendor seeks to enforce this condition he must place the vendee in the same state in which he was before the sale. The rule that the vendee shall not keep the property without paying the price is no more imperative than the rule that the

vendor shall not retake the land without returning such partial payments as he has received.

It is not established with certainty that the consideration of the sale from Taylor to Ivey was Confederate money. See Weaver *v.* Anfoux, 20 Ann. p. 1. But if such fact were established it is clear that there was delivery to, and possession by, Ivey, and that the contract of sale was fully executed. Constitution, article 149. We do not feel called upon therefore to say that the rights of Mrs. Lane are any less than they would be if her donor had paid lawful money. It is also shown that valuable improvements have been made on the place since the sale by plaintiff.

The view we have taken renders it unnecessary for us to consider the other points in the case.

For the reasons given we must conclude that the verdict and judgment are without foundation.

It is therefore ordered that the judgment appealed from be avoided and reversed, and the verdict of the jury set aside, and that this suit be dismissed at plaintiff's costs as in case of nonsuit.