Hanson vs. Allen.

---

## No. 1241.

### JOHN HANSON VS. JOHN M. ALLEN.

A tenant cannot be permitted to dispute the title of his lessor as long as he continues in possession.

APPEAL from the Nineteenth District Court. Parish of St. Mary. *Goode*, J.

---

*P. H. Mentz* and *Foster & Suthon* for Plaintiff and Appellee.

*D. Caffery* and *B. F. Winchester* for Defendant and Appellant:

1. When (an alleged) tenant denies the title of his landlord, the relation between them is severed. 26 A. p. 502, and Bigelow.

2. When the premises said to be leased turns out to be a public place and the lessee obtains the grant of use of same from the sovereign (*i. e.*, Police Jury) and institutes suit against his lessor for restitution of rent paid in error, this is notice to lessor and adverse title in lessee.

3. "The whole space between the marg n of the river and the front lots was dedicated to public use, became *locus publicus*, and *ipso facto* was *hors de commerce*." Judge Martin in De Armas vs. Mayor, 5 L. 145.

4. A public place *hors de commerce* cannot be claimed by an *individual* in a civil action (Mayor vs. Hopkins, 13 L. 331), and cannot be appropriated to private uses. Mayor vs. Metzinger, 3 M. 303.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is a suit for rent. The defendant denies all liability, avers title in himself, pleads prescription for all rent anterior to 1880, and sets up a reconventional demand.

The lower court dismissed the last plea as disconnected with the main suit, the parties residing in the same parish; sustained the exception of prescription as urged, and gave judgment for rent at $15 from March 31, 1880, to the date of the judgment, June 5, 1884, with interest and lien and privilege.

The evidence, although often conflicting and sometimes difficult to realize, establishes satisfactorily that the property was originally leased by the plaintiff to Johnson & Co. for one year, with the privilege of five years, at $25 per month; that Allen, the defendant, although not very ostensibly, was one of the partners composing the firm; that owing to financial embarrassments the firm broke up, two parties moving to other quarters, Allen remaining in possession and paying rent, but at $15 only, to plaintiff.

It appears that, under the impression that he had paid rent which he did not owe plaintiff, Allen brought suit to recover back, but that, after the original lease to Johnson & Co. had been set up by Hanson, as defendant, the suit was discontinued.

The district judge refused to allow Allen to dispute his lessor's title as long as he continued in possession, and did so, sustained by good authority. 6 R. 1141; 10 L. 362; 2 R. 461; 11 Ann. 632; 12 R. 214; 1 Ann. 320; R. C. C. 3433, 3441, 3445-6, 3556, 3514.

He has correctly decided the issues between the parties, and his finding must remain undisturbed.

Judgment affirmed.