PROVOSTY, J.
Plaintiff, in his double capacity of property owner on St. Charles street, in this city, and taxpayer in this city, has enjoined the mayor from entering into a certain contract with the Southern Bitulithic Company for the paving of that street. The grounds of the injunction are, first, that the petition of property owners asking for the paving was not published as required by *393 law; second, that the ordinance providing for the letting of said contract provides for a different kind of pavement from that specified in the petition of property owners as published; and, third, that said ordinance provides for the letting of said contract in a manner violative of the law which requires such contracts to be let to the lowest bidder after advertisement, in that the pavement in question is a patented pavement, and requires the use of materials protected by trade-marks, and hence there can be no competition in the bidding, on said contract.
In New Orleans, when the cost of the pavement is not to be borne exclusively by the city, but is to fall in part on the property owners along the street to be paved, the paving can be ordered only when petitioned for by one-fourth of the property owners, and the property owners have the right to prescribe what kind of pavement shall be used; and this petition must be published during four weeks, and the work must be done by contract awarded to the lowest bidder after advertisement. All this is prescribed by the city charter (Acts 1896, p. 46, No. 45), as amended by No. 215, p. 430, Acts 1902, and the settled jurisprudence of this court is that all these formalities must be strictly observed. Barber Asphalt Co. v. Watt, 51 La. Ann. 1345, 26 South. 70.
In the present instance, the deceased was one of the signers of the petition of property owners. The petition asked that the paving be “with rock asphalt, pitch asphalt, or bitulithic,” and it was published as written. But in the publication it appeared under an official caption which explained its nature, and called upon the property owners along the street to come forward and make known their objection to the proposed paving, if any they had; and this caption stated that the paving was to be with asphalt. It so stated both in its title or head lines and in its body. So that any one who assumed that this caption correctly stated the nature of the petition and contented himself with reading only it would have been misled into the belief that the proposed paving was to be with asphalt, and would not liave been notified of the intention to make it of bitulithic.
The case was disposed of in the lower court on an exception of no cause of action, which was sustained.'
We think that the publishing of the petition under such a misleading caption was not a compliance with the law requiring the petition to be published. The object of the publication is to give notice of the kind of pavement proposed to be used, and the property owners along this street would have had ■ tlie perfect right to assume that the nature of the petition was correctly stated in the caption, and not have read the petition itself. Especially that this caption was' an official document duly signed by the clerk of the city council.
The petition, therefore, shows a cause of action in so far as based on want of publication ; but it does not show a cause of action in so far as based on the patented character of bitulithic. The deceased could not have been allowed to enjoin the city from a course of action which it had adopted on his own. petition. I-Ie prayed that the pavement be “With rock asphalt, pitch asphalt, or bitulithic,” and the city adopted bitulithic. 1-Ie and his legal representatives are estopped in the premises.
In this court the defendant has raised questions which were not passed on by the lower court. These we now proceed to consider.
The plaintiff died before answer filed, and his dative testamentary executor was made a party to the suit. Defendant contends that by the death of plaintiff the suit abated, because under article 21, Code Prac., a suit abates “where either party dies before an *395 swer filed”; and, secondly, because the action is personal, and, under the maxim, “Actio personalis moritur cum persona,” dies with the plaintiff.
An exception of no cause of action does not deny that there is a demand or suit in court which the defendant is bound to answer. On the contrary, the defendant by joining issue on the question of whether or not the petition shows a cause of action, in other words, by joining issue on the legal rights of the plaintiff as exhibited in the petition, practically admits that the suit is in court- — that is to say, admits that the suit has not abated. Therefore the question of whether the suit has or not abated is one which is waived by the filing of an exception of no cause of action.
The contention that this suit was purely personal to the deceased is, we take it, not made seriously. The object of this suit being to protect the property, and the property having passed to the legal representatives of the deceased, these legal representatives clearly have precisely the same right to maintain the suit that the deceased had.
Next, defendant contends that the testamentary executor had no quality to stand in judgment in this suit; that the legal heirs alone had such quality. But plainly the proper person to represent the succession' in any suit in which it may be interested is the officer appointed by law to have charge and care of it. The heirs could not undertake to represent it until they had come forward and accepted it and taken charge of it. As observed in plaintiff’s brief:
“The books are full of suits brought by administrators and executors for the protection of the property in their charge.” Woodward v. Thomas, 38 La. Ann. 238.
Since the case has been in this court the succession of the deceased has been closed, and the property turned over to his heirs, and the executor discharged. The heirs have been made themselves parties to the suit, and objection is now made that the suit abated by the discharge of the executor. This contention can hardly be serious.
The judgment appealed from is set aside, and the injunction herein is made peremptory, at defendant’s cost.