LAND, J.
The first entitled suit is a petitory action brought by Mrs. Josephine Davidson against Oscar Fletcher, a former tenant, to eject him from the premises and to. recover rents since 1892.
The second entitled suit is one brought by Oscar Fletcher to correct the description in, a tax deed of a certain tract of land purchased by him in 1904.
Plaintiff leased the premises to defendant for five years, commencing January 1, 1892. The rent for the first year was to be paid ini *669 improvements to be made by 'the lessee, and the rent for each succeeding year was to consist of one bale of cotton, weighing 400 pounds, to be delivered in the town of Springfield. In the latter part of the year 1893 plaintiff wrote to the defendant, requesting him to pay the stipulated rent, and received in reply a letter from defendant of date January 1, 1894, as follows:
“Dear Madam: Your letter of the 28th inst. to hand, and contents noticed; and I must say that I can’t very readily understand you about the rent for your place, as I have never rented any land from you. I have presumpted and bought the improvements on a place and of course when the court declares it is your place, then I will give you possession.”
Plaintiff, who resided some 40 miles distant from the leased premises, took no action against her recalcitrant tenant, who has continued to occupy the premises, with the exception of one year, down to the present time.
The land in dispute is the N. W. % of headright, or section 37, confirmed to William Kinchen, as original settler. In 1866 the widow and heirs of Kinchen sold the whole tract of 640 acres to J. H. Tull, who in 1873 sold to Mrs. Julia V. Calmes the N. y2 of the section, less 20 acres, previously sold to one Odom. One of the notes given by Mrs. Calmes on account of the purchase price of the property passed into the hands of Mrs. J. H. Davidson, who in 1877 sued Mrs. Calmes and husband, and obtained judgment against them in personam, and also against the property, to pay and satisfy the note with interest and costs. The writ and notices properly described the land, which was adjudicated in 1890 at sheriff’s sale to the plaintiff, but in making his return the sheriff, through clerical error, substituted “east” for the “north” in the description of the property seized and sold. This misdescription was corrected by a judgment of court in the year 1909.
The tax roll of the parish of Livingston for the year 1903 shows the following assessments, to wit:
“No. 2,089. Unknown Owner. 160 acres, N. E. ty, of headright Sec. 37. Certificate 680,
“No. 2,090. Unknown Owner. N. W. % of headright Sec. 37. Certificate 680, etc.”
In May, 1904, the sheriff and ex officio tax collector of the parish executed a tax deed reciting the adjudication to defendant of the “S. W. % of H. R. Sec. 37. Cert. No. 680. T. 5 S. R. 4 E.” The property was advertised for tax sale as the N. W. y± of the same headright and section.
The conclusion that we have reached renders it unnecessary to inquire into title of the plaintiff, or the validity of the alleged tax sale.
[1] It is well settled that a tenant cannot change the nature of his possession by his own act, and cannot be permitted to dispute his lessor’s title as long as he continues in possession. See Hanson v. Allen, 37 La. Ann. 732; Harvin v. Blackman, 112 La. 24, 36 South. 213; Mouliere v. Coco, 116 La. 846, 41 South. 113. The authorities cited in the Hanson Case fully sustain the text. In Williams v. Douglas & Rooks, 11 La. Ann. 632, the court said:
“In this ease the plaintiff alleged himself to be the owner and possessor of the land in question, and the principal defendant is estopped to deny it, for in answer to interrogations propounded to him he admitted that he leased the land from the plaintiff. He could not change the character of his possession from that of lessee to that of owner.”
This doctrine is based on codal law that those who possess, not for themselves, but in the name of another, cannot acquire the' legal possession, although they should entertain the intention of no longer holding for another, but for themselves. Civ. Code, arts. 3441, 3446. In the face of the positive law and jurisprudence on this subject, the defendant as long as he continues in possession cannot be permitted to dispute the plaintiff’s title. The rule that a tenant *671 while retaining possession is estopped to deny his landlord’s rights seems to be recognized at the common law. Rector v. Gibbon, 111 U. S. 284, 4 Sup. Ct. 605, 28 L. Ed. 427.
[2] The judgment below recognized plaintiff’s rights of possession as owner, but rejected her demand for rents. The judgment rejected the defendant’s demand for the value of his improvements, but recognized his right to remove his buildings, fences, etc., from the premises. We assume that the judge compensated the rents by the improvements inseparable from the soil, such as clearing land, etc. Plaintiff was clearly entitled to a judgment for rents in some amount. The evidence does not enable us to fix the rental value with any degree of certainty. The additions and improvements which the lessee is entitled to remove under Civ. Code, art. 2726, are liable' for arrears of rent. The case will therefore have to be remanded.
It is therefore ordered that the judgment below be affirmed in so far as it recognizes and enforces plaintiff’s right as owner to the possession of the premises and condemns the defendant to pay costs of suit. And it is further ordered that said judgment in all other respects be reversed, and it is now ordered that this cause be remanded for further proceedings according to law and the views expressed in the foregoing opinion, and that the costs of appeal be paid by the appellant.