No. 3773

**Second Circuit**

**(Second Division)**

----

### ZION'S REST CONGREGATIONAL METHODIST CHURCH v. METHODIST EPISCOPAL CHURCH, SOUTH

----

(November 18, 1931. Opinion and Decree.)
(December 9, 1931. Rehearing Refused.)

----

Pegues and Pegues, of Mansfield, attorneys for plaintiff, appellant.

Parsons & Colvin, of Mansfield, attorneys for defendant, appellee.

CULPEPPER, J. This is a suit for slander of title brought by H. P. Ott, W. D. Cates, and J. P. Ryan, as alleged trustees of and acting for Zion's Rest Congrega-

tional Methodist Church against the Methodist Episcopal Church, South, wherein plaintiffs allege said Congregational Methodist Church is the owner and is in physical possession of a three-acre lot of ground in section 11, township 10, range 11 west, in DeSoto parish, on which is a church building and cemetery, known as Zion's Rest Church. The petition alleges that the defendant church is also claiming the ownership of said property under a pretended deed, which constitutes a slander of plaintiffs' title. Defendant filed:

(A) Exception to citation, which was overruled by the court.

(B) Exception to want of capacity in plaintiffs to sue.

(C) Exception of no cause of action.

The last two named exceptions were referred to the merits by the court, whereupon defendant filed an exception of lack of possession in plaintiff to support an action for slander of title, coupled with an answer asserting title to be in defendant to the property, and reserving the right to have the latter exception tried prior to the trial of the case on the merits.

Upon motion of counsel for defendant on the day the case was called for trial, the issue on exception of lack of possession in plaintiffs was taken up, tried and sustained by the court, and accordingly there was judgment upon that issue alone dismissing plaintiffs' suit. It was from such judgment that plaintiffs prosecute this appeal.

Due to the fact that the issues were narrowed down to the question of whether plaintiffs had possession of the property in dispute sufficient on which to base an action for slander of title, the case depends for its solution upon questions of fact.

Defendant's counsel states in briefs filed that defendant has answered asking that the other exceptions tendered by it be sustained. We do not find any such answer in the record.

The Congregational Methodist Church, which we shall hereafter refer to as the plaintiff, obtained a deed to the property from S. D. Bufkin by notarial act dated January 22, 1895, duly of record. It is on this deed that plaintiff rests its title. The testimony shows, and it is admitted by defendant, that plaintiff went into actual physical possession of the property immediately upon the passage of said deed and continued to hold, occupy, and use said property until in June, 1924, holding religious services in a church building previously constructed upon the lot of land by some of the members of plaintiff church, presumably by consent of the former owner of the land. There was at the time a cemetery on the lot, which was and has since been used as a community burial ground.

For several years prior to and during the year 1924, the pastor of this Congregational Methodist Church, plaintiff herein, was Reverend W. E. Anding. During the year named, Reverend Anding decided to make a change in his church affiliations from the Congregational Methodists to that of the Methodist Episcopal Church, South. Accordingly, he informed the members of the church he was then serving at Zion Rest of his purpose, and a discussion arose amongst the church membership as to the church as a body changing its affiliations also and becoming affiliated with the Methodist Episcopal Church, South, along with their pastor. On the 11th day of May, 1924, while in regular business conference assembled, this question of organizing the membership of the Congregational Methodist Church at said Zion Rest into a

Methodist Episcopal Church, South, was discussed, resulting in plans being made while in said conference for a canvass of the members looking to the contemplated change. After what was considered ample time for the canvass, and after public announcement that the matter would be passed upon at the next monthly meeting, said next monthly meeting was held on June 8, 1924, in regular church conference. At this conference, the question of the change was regularly brought up and by a vote of the members present a resolution was adopted, without a dissenting vote, providing that the church change its affiliation from the Congregational Methodists to the Methodist Episcopal Church, South. It appearing from the records of the former church that it had no regularly constituted trustees; three of its members, J. W. Blue, S. C. Mathews, and R. L. Bufkin, were selected as trustees for plaintiff church, and were thereupon "authorized by said church to perfect deed and deed same to the Southern Methodist Church, and announcements were made publicly to this effect." The above is quoted from the copy of the minutes of the conference. The minutes further show that the pastor, Reverend Anding, was authorized to invite Reverend R. H. Wynn, presiding elder of the Methodist Episcopal Church, South, in that district, "to be present at a convenient date for the purpose of organizing this church into a Southern Methodist Church."

On 26th of May, 1928, the three trustees, viz., J. W. Blue, S. C. Mathews, and R. L. Bufkin, executed for and on behalf of the Zion Rest Congregational Methodist Church, as trustees thereof, a formal deed by notarial act conveying the property in controversy unto the Methodist Episcopal Church, South, defendant herein.

The deed recites that same is executed "by virtue of the authority of a resolution of the conference of said Zion Rest Methodist Church, held in said church on June 8, 1924, as per certified copy of the minutes attached hereto and made a part hereof. * * *" This deed recites:

"That the object and purpose of this transfer is to place into the care, keeping, custody, and ownership of the Southern Methodist Church, the said house as a place of worship, subject to Discipline, usage and ministerial appointments of said church."

This deed, with copy of minutes referred to attached, was recorded in conveyance records of DeSoto parish on May 31, 1928. There was, however, another deed executed to this property, of date January 15, 1925, recorded January 19, 1925, by the purported heirs of I. D. Bufkin to the Methodist Episcopal Church through said J. W. Blue, S. C. Mathews, and R. L. Bufkin, trustees. This I. D. Bufkin, then deceased, was the same I. D. Bufkin who had in 1895 deeded the property to the plaintiff church. The deed of 1925 by the heirs of I. D. Bufkin sets forth practically the same as the deed of 1928 as to the purposes for which the property is conveyed. Defendant relies upon both of these two deeds of 1925 and 1928 as muniment of its alleged title to the property.

During the course of years following the execution of the I. D. Bufkin deed in 1895, the members of the Congregational Methodist Church, it seems, lost sight of the fact that such a deed had ever been executed, and had formed the opinion and belief that the church had no title deed to the property. And it was for this reason, it is also true that the trustees appointed at the church conference on June 8, 1924, took a deed from the heirs of I. D. Lufkin instead of executing a deed from the plain-

tiff church to the defendant church. This false impression or mistaken belief existed upon the part of all the parties concerned. It was not until some time in 1927 that it was discovered that this old deed of 1895 really existed. In the meantime, from June 8, 1924, up until the time this discovery was made, the Congregational Methodist Church ceased to function, and in its place and stead the newly organized Methodist Episcopal Church, South, was given full possession, use, and control of the church house and property and held and carried on its regular church worship and Sunday school in same. There were a few of the members, which had constituted the former church, not being willing to join in with the new church body, withdrew themselves, and, for a portion of this period of some two and a half or three years, from June, 1924, to some time in 1927, had no semblance of religious services except for a part of the time a Sunday school was conducted at the home of one of them, Mrs. W. D. Cates. It is clear that the defendant church went into actual possession of the property in dispute on or soon after June 8, 1924, and held same unmolested, in good faith, thinking it had succeeded to the property as owner. Its deed from the heirs of I. D. Lufkin in January, 1925, appears to be with full warranty of title and valid on its face.

Apparently there was no effort to revive or reorganize a Congregational Methodist Church until in September, 1927, when an undetermined number of persons met at "Old Town Tabernacle," several miles distant from Zion Rest Church. Styling themselves as the "Zion's Rest Congregational Church," they elected J. F. Ryan as deacon, H. F. Ott as steward, W. D. Cates as church leader, and Mrs. W. D. Cates as secretary. Shortly thereafter, Reverend A. G. Smith from Texas was engaged as part time pastor and a committee was appointed to make provision for a place to hold meetings. In November following, the committee, composed of J. F. Ryan, R. C. Ryan, and H. F. Ott, appeared at a quarterly conference being held by the Methodist Episcopal Church, South, at Pelican, and requested permission to use the Zion's Rest church building as a meeting place for said newly organized Congregational Church. The request was granted, and dates for holding meetings by the Congregational Church were fixed so as not to conflict with the use by the Methodist Episcopal Church, South's meetings. It was under these circumstances that the plaintiff began to use the property, and by virtue of which plaintiff now claims to be in possession of the property as owner. The facts and circumstances surrounding the obtaining of the possession or semblance of possession, and the character of such possession subsequent, by plaintiff, did not, in the opinion of the lower court, and do not in our opinion, constitute such as to form the basis of a suit against defendant for slander of title. Both plaintiff and defendant congregations held their meetings in said Zion Rest church building after the permission was granted by defendant to plaintiff, and the use which plaintiff made of the property thereafter was merely by suffrance or permission of defendant, and not as owner. Such possession is not the possession contemplated by law as will warrant an action for slander of title. Defendant's possession was open, public, and notorious, as owner ever since 1924 up to the filing of this suit. As to the validity of the titles exhibited by both parties, we are not called upon here to decide. Suffice it to say that possession was in defendant as owner under its title deeds as shown. While plaintiff claimed possession under

the most ancient deed, the Congregational Methodist Church, which plaintiff claims to be its predecessor, surrendered its former possession to defendant in 1924, and the only possession plaintiff now has is as tenant by permission to use the property, and not as owner.

"The action in 'jactitation' of title is governed by the rules prescribed by the Code of Practice, under the title, 'Possessory Actions.'" Bell v. Saunders, 139 La. 1037, 72 So. 727.

"The possessors entitled to bring these (Possessory) actions are those who possess as owners." Code Prac. art. 47.

"Those who possess in the name of another, such as tenants, are not entitled to the possessory action." Code Prac. art. 48.

The object of the action of jactitation or slander of title is to protect ownership of land from disturbance by slander; but it never lies against a possessor with title. The possessory and petitory actions regulated by positive law, give a party injured by adverse possession, every necessary remedy. Copley v. Hasson, 4 La. Ann. 531.

"Action of slander of title is founded exclusively on possession and is a form of possessory action." Miller v. Albert Hanson Lbr. Co., 134 La. 225, 63 So. 883, 884; Dalton v. Wickliffe, 35 La. Ann. 355.

An attempt was made by plaintiff to prove that at a meeting held in the Zion's Rest church building by plaintiff church, some time subsequent to the time plaintiff was permitted by defendant to use the building, that title to the property was admitted by defendant to be in plaintiff and upon the request then made by defendant plaintiff in turn granted defendant permission to continue to hold services in the building. In this, however, the trial judge evidently found that plaintiff failed in the attempted proof; and we concur with the trial judge on this feature of the case.

As before stated, possession, and the character of same, is a question of fact. The trial judge, who heard the witness testify, resolved this question in favor of the defendant, and in that we find no error. The judgment is therefore affirmed.