No. 3948

Second Circuit

(Second Division)

## HEARNE v. MILLER

(December 9, 1931. Opinion and Decree.)

Herold, Cousin & Herold, of Shreveport, attorneys for plaintiff, appellee.

Bryan E. Bush, of Shreveport, attorney for defendant, appellant.

CULPEPPER, J.   This is a possessory action wherein plaintiff alleges he is now, and has been for more than ten years, in possession as owner of a tract of land in the SW¼ of section 6, township 19, N. R. 16 west, Caddo parish, Louisiana, known as "Buzzard Island"; that said possession has been physical, corporeal, open, notorious, public, and unequivocal. It is alleged that the defendant has within the past six months disturbed petitioner in his alleged possession; that petitioner rented said property to defendant for the year 1928 and defendant went into possession as plaintiff's tenant, paid plaintiff rent for that year, and that said alleged "lease was reconducted, both tacitly and expressly, for the year 1929"; that, although defendant was cultivating said land in 1929 as plaintiff's tenant, he publicly announced during the summer of that year his intention to hold the property for himself and discontinue his relations with plaintiff as tenant, and has since remained in possession, claiming it for himself and repudiating his obligations as tenant under plaintiff.

Defendant, answering, admits that plaintiff is owner and in possession of 5.71 acres in the extreme southwest corner of the section of land named, but denies that plaintiff has been in possession of any other portion of said property "as owner"; admits he rented the 5.71 acres above mentioned for the year 1928, and avers

that he sub-leased it to a negro and did not go upon it himself that year. General denial was entered as to the other allegations of the petition. Defendant reconvened, alleging that he had been in the actual physical possession, as owner, for more than a year, of the property, except the said above mentioned 5.71 acres; that plaintiff has disturbed him in said possession by the filing of this suit. He prays to be quieted in his alleged possession.

There was judgment for plaintiff and defendant has appealed.

The evidence shows that for several years prior to 1928 plaintiff had rented the property in question, known as the "Buzzard Island" place, to various parties. Wash Lee rented it from and paid rents to plaintiff in 1925, 1926 and 1927. Defendant leased it from plaintiff for 1928, and paid plaintiff a bale of lint cotton as rent. He did not move on it and work it himself, but subleased it to Wash Lee who worked it for defendant.

Defendant paid the rent for 1928 to plaintiff's agent, Mr. Winston, during the latter part of December of that year. Plaintiff resided in New Mexico at the time, and he instructed his agent here, Winston, to lease the place to defendant for 1929.

It seems that at the time defendant paid the rent to plaintiff's agent, nothing was said as to the leasing of the place for 1929. Defendant made Wash Lee move from the place about the first of January, 1929, and moved on it himself, so he testified, about the tenth of January. Some time along in early part of the spring Mr. Winston, plaintiff's agent, met defendant and tried to get him to agree to lease the place for that year, but defendant re-

fused, saying that he "had tried, or wanted to buy the place, but found out the title was not good and he didn't believe he wanted to rent it." Up to that time he had said nothing to Winston about not continuing the lease from the previous year. On January 11, 1929, plaintiff wrote from his home in New Mexico to defendant offering to lease defendant the place for that year at the same rental as for 1928. Defendant testified that he wrote plaintiff in reply and "made an offer on the land." Asked what kind of an offer, he said:

"Well, I told him since I had examined the record on it I didn't find that he owned but about five acres of land. I would give him two hundred and fifty for what he owned."

Plaintiff again wrote defendant on March 7th, wanting to lease to defendant, referring to the property as "Buzzard Island." Defendant filed both of these letters in evidence for the purpose of showing he did not lease the property for 1929. Defendant testified that he answered plaintiff's letter of January 11th about a month after he received it and did not answer the second letter.

Defendant, in his answer to plaintiff's letter, did not claim that he, defendant, was the owner of the property. On the contrary, he made a proposition to purchase a portion of it from plaintiff. In his conversation with Mr. Winston, plaintiff's agent, he did not assert ownership, but stated on that occasion that he wanted to buy it. He represented to no one that it belonged to him. Article 47 of the Code of Practice provides that those entitled to bring the possessory action are those who possess as owners.

Article 48 of the Code provides that

those who possess in the name of another, such as tenants, are not entitled to the possessory action.

Under the plain provisions of the Code, the defendant was not entitled to bring his action in reconvention for the reason that he did not possess as owner, but possessed the property by reconduction as tenant under plaintiff.

Defendant had possession during 1928 as tenant under plaintiff, through defendant's sublessee, Wash Lee. Lee's possession was that of defendant and defendant's was that of plaintiff. Lee's was as subtenant; defendant's was as tenant, and plaintiff's was as owner. When Lee moved off the first of 1929 and defendant moved upon the place, there was no change in the relationship between plaintiff and defendant. Defendant said nothing to plaintiff about not renting the place for 1929 until some time in February, more than a month after the first of January, when he wrote plaintiff he wanted to buy a portion of the place from plaintiff. He did not even say then that he would not rent the place from plaintiff. It was not until up in March that defendant told plaintiff's agent he would not lease the place. This, we think, amounted to a reconduction of the lease by the conduct of the parties. Civ. Code, art. 2688. The fact that Wash Lee possessed it in 1928 and defendant did not move on the place until Lee vacated it does not, we think, change defendant's character of possession in so far as plaintiff was concerned. Defendant held possession through Lee, and in 1929 defendant continued the possession by moving upon the place himself.

Defendant could not change the nature of his possession as tenant under plaintiff by his own acts, such as are shown in this case, so as to possess for himself, and thus form the basis of a possessory action against plaintiff. This is particularly true since he did not inform plaintiff of his intention not to lease the place until some time in February, which was more than one month after the first of January, and less than one year before this suit was filed.

In Davidson v. Fletcher, 130 La. 668, 58 So. 504, the court said:

"This doctrine is based on codal law that those who possess, not for themselves, but in the name of another cannot acquire the legal possession, although they should entertain the intention of no longer holding for another, but for themselves." Citing Civil Code, arts. 3441, 3446.

Plaintiff's allegation in his petition is that he held actual possession of the property as owner. The testimony shows that he had been renting it to various parties for many years. It was admitted by defendant that plaintiff had a deed to a portion of the property. Defendant dealt with plaintiff as owner of the whole of the property in the leasing of it from plaintiff. He examined the records, or had them examined, with the view of buying the whole of it from plaintiff— that is, the whole of what is herein in contest.

From these facts and circumstances, we think it reasonable to conclude that plaintiff's possession was as owner. Everyone is presumed to possess for himself as owner in the absence of evidence to the contrary. Succession of Zebriska, 119 La. 1077, 44 So. 893; Bently v. Cavallier, 121 La. 61, 46 So. 101.

Counsel for defendant argues that plaintiff's possession, if at all, was merely civil or legal and not accompanied by any ac-

tual corporeal possession, and therefore, it was not such as to form the basis of a possessory action.

While we fully agree with the learned counsel as to the law, we cannot do so as to the facts. It is not shown that plaintiff ever moved upon or cultivated the land himself, but his tenants did, and it is a well settled principle of law that possession of the lessee is possession of the lessor. Campbell v. Hart, 118 La. 871, 43 So. 533.

Defendant testified that at some time up in the year 1929, Mr. Winston, plaintiff's agent, saw him and asked about why he had not signed and sent Mr. Hearne the rent note which Hearne had asked him to sign, and that he then told Winston he was not working Hearne's land. Notwithstanding defendant had possession of and was cultivating the same land Wash Lee had worked the year before, and living in the same house Lee lived in, which was what was known as Buzzard Island place, he declared same did not belong to plaintiff, and he continued to hold possession, preventing plaintiff from possessing it and exercising the right of possession previously held as owner. Such acts on the part of defendant constituted a disturbance of plaintiff's possession. C. P., art. 51. It makes no difference whether defendant admitted that plaintiff owned a certain portion of the property, so long as the fact remains that defendant denied ownership in plaintiff of the remaining portion and disturbed plaintiff's possession of that portion. We think, also, that the first act of disturbance took place at the time defendant made known to Winston his intention not to lease the property and his denial of plaintiff's ownership.

This was less than a year before the filing of the suit. Plaintiff, we think, has shown all of the requisites necessary to entitle him to bring a possessory action.

On March 21, 1930, the case was taken up for trial, testimony adduced, and case laid over for argument for June 16th following, and before any further action was taken, defendant filed over plaintiff's objections, an exception of no right or cause of action, based on the grounds that, "for the reason that plaintiff's petition and evidence shows that the plaintiff has never had actual possession of the property and for the further reason that if plaintiff ever had any rights in and to said property, he has since filing the suit transferred same to Tensas Securities Co., Inc., as will be more fully shown by certified act of transfer attached hereto and made a part hereof."

The attached transfer mentioned in the exceptions is a certified copy of an authentic act of sale by plaintiff to the Tensas Securities Co., Inc., dated February 4, 1930, filed and recorded in conveyance records of Caddo parish, March 24, 1930, conveying by quit-claim title a tract of about 20 acres of land in section 6 and known as "Buzzard Island." It is not recited what township and range, nor parish, the property is in.

The minutes do not show that the court passed upon the exception, but judgment was rendered July 12th in favor of plaintiff, which in effect overruled the exception.

Counsel for defendant in brief contends that, by reason of the transfer of the property, plaintiff has no interest in the case, and his demands should be rejected and

there should now be judgment in favor of defendant upon his reconventional demand.

For the reasons already above stated, there is no merit in the exception to the want of actual possession in plaintiff, and same was properly overruled.

The exception to want of interest presents a more serious question. Plaintiff entered the objection that it came too late. Neither counsel have furnished the court with any authorities upon the question. To hold that plaintiff was without interest by reason of his assignment of the property, judgment could not be rendered for either party for the want of proper parties plaintiff, unless it could be construed that the judgment, in event it is favorable to plaintiff, would enure to the benefit of plaintiff's assignee. The act of sale evidences no agreement had between the parties whereby plaintiff, the assignor in the act, would continue to prosecute the suit in his name for the benefit of his assignee. Had there been such an agreement, we would find no difficulty in overruling the exception. Towne v. Couch, 7 La. Ann. 93.

However, under the holding of the Supreme Court in Gurley v. City of New Orleans, 124 La. 390, 50 So. 411, 412, defendant has waived his plea of abatement, for lack of interest in plaintiff, by filing the exception of no cause of action. In the cited case the plaintiff died before defendant filed answer, and the latter contended that the suit was thereby abated. Defendant had, however, filed an exception of no cause of action. The court in passing upon the plea, said:

"An exception of no cause of action does not deny that there is a demand or suit in court which defendant is bound to answer. On the contrary, the defendant, by joining issue on the question of whether or not the petition shows a cause of action, in other words, by joining issue on the legal rights of the plaintiff as exhibited in the petition, practically admits that the suit is in court—that is to say, admits that the suit has not abated. Therefore the question of whether the suit has or not abated is one which is waived by the filing of an exception of no cause of action."

The same reasoning, we think, would apply here. After defendant had become aware that plaintiff had conveyed the property, he voluntarily filed an exception of no cause of action, leveled against plaintiff's petition, also against the evidence, contending that same did not allege or show that plaintiff ever had the actual possession of the property in dispute. The effect of the exception was to not deny that there was still an existing demand or suit before the court, but to admit that the issues involved were still before the court and had not abated. It is true that in the Gurley case, quoted from, the executor of the deceased plaintiff was made party to the suit, but the court's overruling of the exception was apparently independent and apart from that fact, and was based solely on the ground that the exception amounted to a waiver of abatement of the suit.

This court has found for plaintiff up to this point. Defendant has had a full hearing upon the issues involved. We can see nothing that can prejudice the defendant by an adjudication upon the case at this time; and, since our findings are for the plaintiff, they will not be prejudicial to his assignee but will enure to its benefit. The exception, therefore, to want of interest in plaintiff, will be overruled.

For the reasons assigned, the judgment appealed from is affirmed.