## VANZANT v. MORGAN.

### No. 5646.

Court of Appeal of Louisiana. Second Circuit.

April 1, 1938.

Rehearing Denied April 29, 1938.

Goff & Goff, of Arcadia, for appellant.

Robert H. Wimberly, of Arcadia, for appellee.

HAMITER, Judge.

A tract of land containing approximately 160 acres was conveyed by J. Rush Wimberly to Mrs. Constance C. Evans and S. B. Evans, under a deed dated September 25, 1934. The recited consideration for this conveyance was $983.96, of which $500.00 was paid in cash and the balance was represented by two notes of the purchasers. Payment of these notes was secured by a vendor's lien and mortgage on the property.

A deed covering the same tract was executed by said grantees on March 15, 1935, in favor of Malinda Vanzant, wife of Dee Vanzant, for an agreed consideration of $1250.00. This was payable $50.00 cash and the balance in one note of the purchaser due November 15, 1935. A vendor's lien and mortgage affecting the property secured this note. No mention of the above mentioned security retained by Wimberly was made in the instrument.

On April 15, 1935, the land became burdened with an oil and gas lease granted by Malinda and Dee Vanzant unto C. A. Tooke. By mesne assignments the lease became the property of the Gulf Refining Company of Louisiana on December 23, 1935.

Malinda Vanzant signed a notarial act on the 12th day of February, 1936, which provided for conveyance of said 160 acres to H. H. Morgan. The instrument, which was not executed by the grantor's hus-

band, shows a consideration paid of $100.-00 cash, and provides:

"This sale is made subject to the following encumbrances against said above described property: One note dated September 25, 1934, $333.96, one note dated September 25, 1934, $150.00, one note for $1200.00, also any and all duly recorded encumbrances against said above described property, all of which are hereby relinquished in favor of said purchaser, his heirs or assigns."

Recordation of this instrument in Volume 109, page 486 of the Conveyance Records of Bienville Parish, Louisiana, occurred on March 25, 1936.

Also on said date of February 12, 1936, Malinda Vanzant and her husband, Dee Vanzant, affixed their signatures to a deed in H. H. Morgan's favor covering said land which stated:

"This sale is made for the consideration of the sum of One Hundred and no/100 ($100.00) Dollars cash in hand paid, the receipt of which is hereby acknowledged, and the assumption of that certain vendors lien note in the sum of $1200.00 to Constance C. Evans and S. B. Evans, subject to that certain vendor's lien note of $333.-96 and $150.00 as stipulated in the deed from J. Rush Wimberly to Constance C. Evans and S. B. Evans."

This conveyance act, which did not bear the written acceptance of the named vendee, was filed for record on June 12, 1936, or four months after it was passed, and was recorded June 13, 1936, in Volume 112, page 577 of the Conveyance Records of Bienville Parish, Louisiana.

A mineral deed of date March 19, 1936, and signed by said husband and wife, provides for the transfer unto J. R. Goff of all of the oil, gas and other minerals in and under the property in consideration of "legal services rendered and other valuable consideration".

The land was further affected by another deed of date October 5, 1936, granted by the Vanzants in favor of Walter L. George. This instrument states that the sale is made subject to the above mentioned oil and gas lease and mineral deed executed by the grantors, and,—

"Subject to said lease and mineral sale, this sale is made with full guarantee of title and with complete transfer and subrogation of all rights and actions of warranty against all former proprietors of the property herein conveyed, and, as accessory to the said special warranty and subrogation, it is agreed that the vendor shall prosecute to final judgment, for the benefit of the vendee, the following suits now pending in Second Judicial District Court in and for Bienville Parish, Louisiana, affecting title to said property, to-wit:

"No. 11,061, entitled 'Dee Vanzant v. H. H. Morgan',

"No. 11,063 entitled 'Dee Vanzant v. Mrs. Constance C. Evans, et al' and No. 11,073 entitled 'Dee Vanzant v. H. H. Morgan et al'."

On February 18, 1936, executory process was resorted to by Mrs. Constance C. Evans and S. B. Evans against Malinda Vanzant for the foreclosure of the mortgage and vendor's lien on the property which secured the unpaid portion of the purchase price stipulated in the credit deed of March 15, 1935. Seizure was made thereunder and the property duly advertised for judicial sale to occur on Saturday, June 13, 1936. Prior to this last mentioned date, and particularly on June 4, 1936, Dee Vanzant instituted suit against said S. B. Evans and Mrs. Constance C. Evans, and against the latter's husband, J. O. Evans, and Henderson Jordan, Sheriff of Bienville Parish, Louisiana, being numbered 11,063 on the docket of the District Court and 5637 in this court, Dee Vansant v. Evans, 181 So. 666. It is alleged in his petition that he is the husband of Malinda Vanzant and the head and master of the community existing between them, and that said community is the owner of the property seized in the foreclosure proceeding. He further alleges that said property was acquired under a warranty deed from Mrs. Constance C. Evans and S. B. Evans; that he has recently discovered that said vendors had not paid the credit portion of the purchase price and discharged the mortgage and vendor's lien provided for in the act under which they, said vendors, acquired title from J. Rush Wimberly; that he fears the community will be deprived of the property through foreclosure of the uncancelled Wimberly mortgage, which contains the pact de non alienando, and that he desires and is entitled to suspend payment of the indebtedness owed by the community until said encumbrance is cancelled and the danger of eviction removed. The sum of $1475.37, being the full amount of the demand made in the foreclosure proceeding

with accrued costs, was tendered and deposited in the registry of the court at the time of the filing of the petition. He prayed that the forced sale of the property be enjoined; that the funds deposited be decreed to constitute full discharge and satisfaction of the purchase price of the property, and the mortgage securing it ordered cancelled; and that payment of the funds to the seizing creditors be suspended until the removal and cancellation of the existing vendor's lien and mortgage held by J. Rush Wimberly.

Defendants in said suit No. 5637, through answer to the rule to show cause issued in connection with the application for a preliminary writ of injunction, and also through answer to the petition, assert that Dee Vanzant is estopped and has no interest in bringing the proceeding for the reason that he joined, aided and authorized his wife, Malinda Vanzant, in the sale of the property to H. H. Morgan under one of the deeds of date February 12, 1936.

The said rule to show cause was tried on June 12, 1936, and the result thereof was the issuance of a preliminary writ of injunction as prayed for.

On the second day of June, 1936, Dee Vanzant filed a slander of title suit against H. H. Morgan in which he attacked the above mentioned deed executed solely by Malinda Vanzant in favor of said Morgan bearing date February 12, 1936, and recorded March 25, 1936. This proceeding carried the number of 11,061 on the docket of the trial court, while it is numbered 5647 here 181 So. 666. After alleging that he is the husband of Malinda Vanzant and the head and master of the community which exists between them and which owns the property in question, plaintiff avers Morgan's slandering of his title by claiming ownership of the property under said deed. The petition contains the prayer usual in suits of this nature. Defendant in his answer asserts the validity of the assailed instrument, and pleads estoppel on plaintiff's part in that he appeared and consented to its signing by the wife.

Another suit was instituted by Dee Vanzant against H. H. Morgan involving the same property. This was begun on June 15, 1936, with a district court number of 11,073, and bears number 5646 in this court. Therein plaintiff attacks the aforedescribed deed signed by said Vanzant and his wife in favor of said Morgan dated February 12, 1936, and filed for record on June 12, 1936. He alleges that the property belongs to the community of which he is head and master, and then asserts that the act is a nullity,—

"(a) Because it shows on its face that it was never completed and fully executed, was not, in fact ever completed or fully executed and because of the non-payment of the recited purchase price or any price or consideration.

"(b) For the reason that it was signed by your petitioner and his wife through error and without knowledge of the designs and intentions of the said H. H. Morgan.

"(c) Because it was registered without ever having been completed, the recited consideration or any consideration paid and for the sole purpose of hindering and delaying your petitioner in the prosecution of certain suits as hereinabove alleged."

The prayer of the petition is that such deed be decreed null, void and of no effect and ordered cancelled from the records of Bienville Parish, Louisiana.

In answer to the petition of this last mentioned suit, defendant Morgan generally denies all of plaintiff's material allegations of fact, except he admits the execution of the deed. Further answering he avers that the deed was based on a good and valid consideration; that the recited cash payment of $100.00 was made by his taking up an indebtedness of that amount due by plaintiff to Evans Bros.; and that the remainder of the stated consideration was his assumption of the balance due on the purchase price of the property. He further avers that plaintiff has no interest in the property, and that the suit was fraudulently instigated by one Walter George and the Gulf Refining Company for the purpose of defrauding him. Subsequently, defendant filed a special plea in which he alleges that plaintiff has no right or cause of action for the reason that the latter's interest in the property, if any he ever had, was divested through the execution of the deed in favor of Walter L. George dated October 5, 1936, and recorded October 8, 1936.

By agreement of counsel, all three of the aforedescribed and numbered suits brought by Dee Vanzant were consolidated for the purpose of trial, and were tried together on the issues created by the mentioned and discussed pleadings.

There was judgment in said suit No. 5637 perpetuating the previously issued preliminary writ of injunction and forever en-

joining the contemplated judicial sale of the property; decreeing the deposited funds to be in full discharge and satisfaction of the indebtedness secured by the vendor's lien and mortgage on the property retained by Mrs. Constance C. Evans and S. B. Evans, and ordering cancellation of those encumbrances; and providing for the delivery of those funds to defendants upon the cancellation of the vendor's lien and mortgage existing in favor of J. Rush Wimberly.

The demands of Dee Vanzant were rejected in both of the other actions in which he attacked the two instruments reciting the conveyance of the property to defendant Morgan.

Defendants in the injunction proceeding appealed from the judgment rendered therein, while appeals in the remaining two suits were prosecuted by plaintiff.

As the three actions involve the same parcel of property and are closely related, we shall discuss all of them in this opinion, and the suit numbers herein employed will be those furnished in this court. However, separate decrees will be entered, and the one hereinafter shown will relate to cause number 5646.

■ The deed from Mrs. Constance C. Evans and S. B. Evans to Malinda Vanzant contains no statement to the effect that the property was purchased with the grantee's paraphernal funds which were under her separate administration, and there is no proof in the record to sustain an acquisition of that character. In view of that situation, and as she was married to and living with Dee Vanzant at the time of the purchase, the property became an asset of the community of acquêts and gains that existed between said husband and wife. Civil Code, article 2402; Houghton v. Hall et al., 177 La. 237, 148 So. 37. And being head and master of the partnership or community of gains, the husband properly instituted the suits.

The Vanzants have had the actual and physical possession of the land since March, 1935, it having been and is now used by them for farming purposes.

■ It is our opinion that the conveyance instrument signed by the husband and wife in favor of defendant Morgan and involved in suit No. 5646 should be set aside, if for no other reason, because of the nonpayment of the entire consideration therein recited, which was $100 cash and the as-sumption of the $1200 mortgage note due to Mrs. Constance C. Evans and S. B. Evans. This conclusion is reached by conceding that Morgan actually assumed the preexisting mortgage indebtedness as he contends and so testifies, although he did not formally sign the deed, and that there was a completed sale transaction; for the record clearly discloses that the vendee not only did not discharge the assumed indebtedness and provide protection to the maker of the note from a possible deficiency judgment, but also that he could not pay it because he "didn't have the money". Thus the resolutory condition which was implied in the sale took effect upon the vendee's failure to discharge his contracted obligation, and the vendor was entitled to sue for a dissolution of the conveyance. Civil Code, article 2046. A seller may institute suit for such a dissolution when the buyer does not pay the agreed price. Civil Code, article 2561. If there is danger that the seller may lose both the price and the immovable, the dissolution is summarily awarded. Civil Code, article 2562.

■ The evidence in the record is conflicting on the question of whether or not Morgan actually paid the $100 cash consideration shown in the deed. Defendant and one of his employers, Mr. J. O. Evans, testified that the vendee discharged an indebtedness of that amount which the vendor owed to Evans Bros. On the other hand, the vendor, Dee Vanzant, states that he was not indebted in any sum to Evans Bros., at that time. The preponderance of the evidence on this issue of fact appears to rest with defendant, and we hold that there was a payment of $100 as the deed provides. Consequently, the setting aside of the conveyance instrument is conditional on the restoring of this amount to defendant. Restoration of the amount paid on the purchase price must be made in a case of rescission. Civil Code, article 2045, Lee v. Taylor, 21 La.Ann. 514, and Ragsdale v. Ragsdale, 105 La. 405, 29 So. 906.

■ Defendant offered the testimony of several witnesses to show that plaintiff had possession of the property as his tenant under a rent agreement, and that this constituted a recognition and was in corroboration of the sale. Even if it be held that there was such a contract, still the attempted conveyance must be set aside because of the non-fulfillment of defendant's obligation to settle the mortgage indebtedness. Nor

did the asserted rent contract serve to estop plaintiff to contest defendant's title. The seizure of the property in the above mentioned foreclosure proceeding constituted a disturbance of plaintiff's possession and dissolved whatever lease that existed between him and Morgan. Civil Code, article 2692. This suit attacking the title of defendant was instituted after the termination of the contended relationship of landlord and tenant, and was permissible. Burbank v. Harris, 30 La.Ann. 487.

Defendant's contention that the litigation was instigated by Walter George and the Gulf Refining Company for the purpose of defrauding him is not sustained by the evidence in the record.

 The aforementioned special plea of no cause and no right of action filed by defendant and based on the deed from plaintiff to Walter L. George is, in our opinion, without merit. At the time of that deed's execution the litigation was in progress, and the parties had the right to agree and stipulate, as they did, that the suit would be carried on in the name of the vendor for the benefit of his vendee. An agreement of that kind is good and valid, and furnishes defendant no grounds for complaint: Ruddock Cypress Co. v. Peyret, 111 La. 1019, 36 So. 105; Towne v. Crouch, 7 La.Ann. 93; Hearne v. Miller, 18 La.App. 551, 138 So. 151.

 We are also of the opinion that the deed executed by Malinda Vanzant alone in favor of Morgan and the object of attack in cause No. 5647, should be set aside. The property, as before stated, belonged to the community of acquets and gains existing between the husband and wife. A wife cannot alienate property having that legal status without the authority and consent of her husband who is head and master of the community. Civil Code, articles 2402 and 2404; Bywater v. Enderle, 175 La. 1098, 145 So. 118. It is provided in article 2275 of the Civil Code that,—

"Every transfer of immovable property must be in writing; but if a verbal sale, or other disposition of such property, be made, it shall be good against the vendor, as well as against the vendee, who confesses it when interrogated on oath, provided actual delivery has been made of the property thus sold."

The instrument presently under consideration carried no signature of the husband, and he has not confessed under oath to a verbal sale of the property. Nor did he grant to his wife written authority to execute the deed as agent for or on behalf of the community. A power of attorney to sell real estate must be in writing. Turner v. Snype, 162 La. 117, 118, 110 So. 109. Furthermore, in view of the principles of law herein mentioned, we think that there was no estoppel on the part of plaintiff.

 Inasmuch as both of the deeds under attack were without force and effect, Dee Vanzant had sufficient interest, was not estopped and was entitled to institute the injunction proceeding, being numbered 5637, and to tender and deposit in the registry of the court the amount demanded by the foreclosing creditors. This holding would not be warranted if the deeds were found to be valid and binding. He was also justified in seeking and obtaining a suspension of payment of the funds until cancellation of the Wimberly encumbrance which affected the property. Article 2557 of the Civil Code provides:

"If the buyer is disquieted in his possession, or has just reason to fear that he shall be disquieted by an action of mortgage, or by any other claim, he may suspend the payment of the price, until the seller has restored him to quiet possession or caused the disturbance to cease, unless the seller prefer to give security.

"There is an exception to this rule, when the buyer has been informed, before the sale, of the danger of eviction."

Accordingly, and for the reasons hereinabove assigned, the judgment in suit No. 5646 is reversed and set aside, and there is now judgment decreeing the deed executed by Dee Vanzant and Malinda Vanzant in favor of H. H. Morgan, dated February 12, 1936, and recorded June 13, 1936, in Volume 112, page 577 of the Conveyance Records of Bienville Parish, Louisiana, to be null, void and of no effect and ordering its cancellation from said records; said judgment, however, being conditioned and to become effective on payment by plaintiff to defendant, within sixty (60) days from the finality of this decree, of the sum of One Hundred Dollars. Defendant shall pay all costs of both courts.