DORÉ, Judge.
This is a jactitation or a slander of title action brought by the plaintiff, Bcden J. Chatellier against defendant James D. Bradley. Plaintiff alleges that he is the true and lawful owner and in the actual physical possession of a described tract of land situated in the Town of Madisonville, in St. Tammany Parish, Louisiana; that the said property is more fully and accurately described by a survey made by C. R. Schultz, dated February 21, 1950, which survey is annexed to his petition.
He further alleges that the defendant is slandering his title to a part of the said property, claiming to be the owner thereof; that defendant has caused a survey of said property to be made by Joseph Pugh, a blue print of which is annexed hereto as res ipsam, showing that he claims 93.5 feet on the west side of the property owned and possessed by plaintiff, and has publicly slandered and defamed his title to the said property by stating on numerous occasions that he is the owner thereof.
He further alleges that he has had the real and actual possession of the said property for more than a year previous to the said slanders, and further that he has been in actual possession of the property for more than thirty (30) years.
Plaintiff prayed that the defendant be ordered to disclaim title to the property or to assert such rights as he may have against said property, within such reasonable time as may be fixed by the court; that upon his failure to file said action or claims, he be forever enjoined and barred from claiming title to said property.
The defendant filed exceptions of no cause of action and, in the alternative, of no right of action. The exception of no cause of action was overruled. Testimony was taken in connection with the exception of no right of action in that it was based on the lack of possession by the plaintiff as owner, and the trial judge, assigning written reasons therefor, overruled the exception of no right of action.
Thereafter, the defendant filed an answer, in which he admits that plaintiff acquired certain property situated in the Town of Madisonville but denies that plaintiff acquired any property which encroach upon defendant’s property; he admits causing the survey to be made by Joseph Pugh, and that he is claiming to be the owner of that portion of the property shown on the blue print adjoining the property of plaintiff on his west; he denies all of the other allegations of plaintiff’s petition. The prayer of his answer is that plaintiff’s demand be rejected and his suit dismissed at his costs.
The case was then submitted on the testimony taken on the exception of no right of action and the trial judge rendered a judgment in favor of the plaintiff and against the defendant as prayed for, limiting the time within which the defendant is to assert his rights or claims to thirty days from the date of judgment. Defendant has appealed.
In this court, defendant complains of the overruling by the trial court on his exceptions.
In urging his'exception of no cause of action, defendant contends that it was necessary for plaintiff to allege and prove that defendant had placed some instrument in writing on the conveyance records of St. Tammany Parish, slandering the property of the plaintiff. We are not in accord with that contention.- Plaintiff has clearly alleged the manner in which defendant is slandering his title; that is, that he claims to be the owner of a strip of 93.5 feet of the west side of plaintiff’s property and by having it surveyed, and by stating on numerous occasions that he is the owner thereof. In our opinion, this is sufficient to show slander and disturbance of possession. Wé find no error in the overruling of the exception of no cause of action.
 As to the correctness of the ruling on the exception of no right of action, the trial judge has favored us with cogent reasons, together with a clear and proper analysis of the testimony, for his conclusions of his ruling, and we quote:
“Act 241 of 1946, Dart’s Code of Practice 331.1 and 333.2 provide that the issue of possession must be raised by exception in liminie litus. Consequently, the defend *807 ant has raised the question of possession by the plaintiff as owner for more fhan a year in his Exception of No Right of Action. This is an action of slander of title or jactitation, and not governed by the Articles of the Code of Practice or our statutory laws, but is a creature of the jurisprudence. The purpose of the action is to protect possession, and the law applicable to the possessory action is likewise applicable to the action of jactitation, but in this latter action a greater relief is afforded than in the possessory action, in that the possessor can obtain relief from a constructive disturbance such as a slander of his title. Riley v. Kaempfer, [La.App.], 175 So. 884.
“The evidence taken in connection with the Exception of No Right of Action convinces me that the plaintiff in this suit has been in possession of the property in dispute for several years. To say the least, he has been in possession of it for more than a year prior, to the slander of his title by the defendant, who has been claiming the ownership of the property. On the trial of the Exception the plaintiff produced nine (9) witnesses, many of them old settlers in the community whose testimony reflects that the plaintiff had fenced the property in dispute, had raised a garden thereon, and exercised other acts which showed that he had been in possession of this property for many years. On the other hand, the only act of possession shown by the defendant was that his son-in-law had parked his car in front of the property during the past year and while I do not consider this an -act of possession exercised by the defendant, yet the evidence reflects that the son-in-law of defendant obtained the permission of the plaintiff to park said car on the front of the property.
“It is contended by the defendant that the plaintiff, under his title from Mrs. M. G. Chatellier, acquired only 198 feet fronting on Rene Street, and that the possession the plaintiff is attempting to herein establish covers a total of 276 feet. Defendant has introduced a chain of title to the plaintiff going back through Mrs. Chat-ellier to Alexander Donnond, and to Mar-querite Flot, showing that the frontage on Rene Street could not have been more than 198 feet, consisting, as he claims, of two lots of 99 feet each. Defendant, therefore, contends that plaintiff’s possession is limited to the title declared upon by him in his petition, and it is impossible for him to establish possession over the property in dispute herein, for his title does not call for said property. By reading the description of plaintiff’s title in Article 1 of the petition no limitation to the number of feet of plaintiff’s land is designated, but it is simply bound by the Bayou on the north, Rene Street on the south and adjacent property owners on the east and west. It is true that the title from Mrs. M. G. Chatellier to the plaintiff declares that the property is the same ás acquired by Mrs. M. G. Chat-ellier from Alexander Donnond, but it is not shown that the property acquired by Donnond -from Marquerite Flot is the same property that is involved in this dispute. I might further add that I have serious doubt as to this court considering any other title in connection with this Exception other than that specifically relied on in Article 1 of plaintiff’s petition. My. reason for this is that in relying on the titles other' than declared on in the petition, the Court would then be determining the issue of ownership by a chain of title rather than on the fact of possession, and a resort thereto would, in truth and in fact, be permitting the defendant to proceed on the weakness of the plaintiff’s title rather than the strength of his own. Under our law, in order to determine ownership by title in a suit of this nature, it is necessary for the defendant to declare on his title and convert the action into a petitory one, creating the necessity of defendant’s recovering on the strength of his own title rather than on the weakness of that of his adversary. In other words, for me to consider the chain of title of plaintiff as introduced by defendant in connection with the fact of possession, I would be granting to the defendant a greater right in connection with the exception than the law would afford him on the trial of the merits of said cause.
“Defendant further contends that even if the plaintiff possessed the property in dispute that this possession was held in *808 the name of another, namely, his brother, Victor Chatellier, and he contends that those who possess in the name of another are not entitled to resort to the possessory action when disturbed in the enjoyment of the property they possess. He cites in support of this, Revised Civil Code, Article 48; Davidson v. Fletcher, [130 La. 668], 58 So. 504, and Zion Rest Congregational Methodist Church v. Methodist Episcopal Church, [18 La.App. 154], 137 So. 624.
“As I appreciate the testimony adduced on the trial of this Exception the possession of the property by the plaintiff was not with the permission of this brother, Victor Chatellier. The plaintiff testified that he had never asked his brother, Victor Chat-ellier, to permit him to possess the property in dispute, and even though Mrs. Bradley, wife of the defendant, testified that she heard her father, Victor Chatellier, give her uncle, the plaintiff, permission to possess the property, her testimony shows that shortly after the plaintiff purchased the property in 1918 he went to her father and stated that Frank Merritt’s house was 2 feet on the east side of the plaintiff’s property and that in order to keep Merritt from moving his house her father agreed with the plaintiff to let him use the lot which is in dispute herein. The evidence reflects that Merritt did not acquire the property until around the year 1935 and there could have hardly been a dispute between Mr. Merritt and the plaintiff relative to the former’s house being 2 feet over on the plaintiff’s land as far back as the year 1918.
“Since I am of the opinion that the plaintiff has established by preponderance of the evidence that he has been in possession of the property in dispute for more than a year prior to the slander of his title by the defendant, the Exception of No Right of Action will be over-ruled.”
 Furthermore, the issue of possession is one of facts. We do not find any error committed by the trial judge in coming to the conclusion that, under the evidence in the case, plaintiff had been in actual physical possession of the property for more than one year prior to the slander complained of. His ruling is therefore affirmed.
As to the merits of the case, it is conceded, that if the exceptions were properly-overruled, then the judgment rendered is correct. However, since the limitation decreed in the judgment has expired, it becomes necessary that the judgment be amended by decreeing- that James D. Bradley, defendant, shall either disclaim any title whatsoever to the property described in the said judgment, or assert such rights as he may have against the said property within thirty (30) days from the date our decree becomes final and enforceable, and it is now so decreed. And as amended, the judgment appealed from is affirmed.