Dopler vs. Feigel.

## No. 10,226.

### SUCCESSION OF MRS. M. DOPLER OR DOEFLE VS. MRS. JUSTINE FEIGEL AND HUSBAND.

The provisions of Articles 1497 and 1533, C. C., prohibiting donations of the whole of one's property without reserve of sufficient for subsistence, and also prohibiting the reservation of the usufruct of the thing given by the donor in his own favor, embody rules peculiar to donations *inter vivos* and have no application to onerous contracts.

The effect of Art. 1526, C. C., is to divide onerous and remunerative donations into two classes: one in which the value of the consideration, charges and services is less than one-half the value of the object and in which, therefore, the act partakes more of the character of a donation than of an onerous contract; and the other in which the value of the consideration exceeds one-half the value of the object and in which the act partakes more of the character of an onerous contract. The first are treated as donations and subjected to the peculiar rules governing them; the latter are treated as onerous contracts and are governed by the different rules applicable thereto.

Finding that, under the view most favorable to plaintiff, the contract sought to be annulled can only be treated as a disguised onerous and remunerative donation in which the value of the consideration, charges and services exceeded one-half the value of the object, it stands as an onerous contract and is subject to no vice applicable to such contracts which would authorize its annulment.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot J.*

### F. L. *Richardson* and *Branch K. Miller* for Plaintiff and Appellant:

1. A donation of immovable property, with the reservation of the usufruct thereon by the donor, is null and void. R. C. C., Art. 1533; 15 Ann. 586; 5 Ann. 433; 11 Ann. 707; 12 Ann. 721; 4 Ann. 36.

2. A donation which divests the donor of the whole of his property, is null and void. R. C. C. 1497. It matters not that the donee agrees to support the donor during life. 11 R. 309.

3. The testimony of a defendant, the only witness in his own behalf, as to transactions with a party deceased, in support of a claim for entire succession, is the weakest of all evidence, and cannot support a judgment of recovery. 37 Ann. 95; 7 R. 112; 14 Ann. 272; 10 Ann. 279; 8 Ann. 278; Wood vs. Egen, 49 Ann. 1006; Bodenheime case, 25 Ann. 1006; Bonnate case, Manning's Reports, p. 339.

4. No tender of the so-called consideration is necessary. Seef vs. Taylor, 33 Ann. 769.

### J. Q. A. *Fellows* for Defendants and Appellees:

The true cause of a contract may be shown by any legal evidence, oral or written, and the evidence adduced for that purpose never can be considered as contradicting. Articles C. C. 1894, 1900; 3 Ann. 230.

The allegations in a petition that a certain transfer of property is a simulation, and that it is a donation in disguise, are inconsistent.

Where an actual consideration, no matter how inadequate, has been paid by the purchaser, in an alleged sale, the transaction is not a simulated one.

The delivery of immovables, where they are disposed of by public act, is always considered as accompanying the act, whether that act be a sale or a *donation en paiement*.

Even where it is shown that the expressed consideration of a transfer does not exist, the contract can not on that account be invalidated, if the transferee proves that there was another legal and sufficient consideration. 30 Ann. 966.

Dopler vs. Feigel.

An onerous donation, when the value of the thing given does not exceed by one-half that of the charge imposed, is not subject to the rules prescribed for donations *inter vivos;* and an action for its dissolution must be governed by the rules relating to ordinary contracts.

Therefore, as in a suit for the rescission of a contract, in which the plaintiff must put, or offer to put. the defendant in the same position in which he was before the contract; in the case of an onerous donation, the donor or his representative, who seeks the rescission of the donation, must offer to return what he has received from the donee, as a con dition precedent of the suit. 33 Ann. 786.

The law does not favor actions by forced heirs to undo transactions of their ancestors as done in fraud of their rights. The burden is upon them, and in the absence of convincing proof, and in the presence of evidence which merely cast a suspicion, the court will not take the property of one man to give it to another.

If it be true that forced heirs can be likened to creditors, and may resort to the revocatory action, their right to sue would be barred by one year from the death of the parent. 39 Ann. 1067.

In an action by forced heirs to annul a sale by their ancestor to one of their co-heirs of an immovable for a stipulated price for cash, parol evidence is admissible to show that the real consideration of the conveyance was the obligation undertaken by the heir to support the aged ancestor and his wife during their natural lives. Such an obligation is in law a sufficient consideration for conveyance.

Such a contract is really a donation *inter vivos* with an onerous condition, and such a donation can never be reduced below the expense incurred by the donee to perform the charges. 40 Ann. 229.

The opinion of the Court was delivered by

FENNER, J. The object of the suit is to annul an act of sale of immovable property made by the deceased, Mrs. Dopler, to the defendant and to recover the property with an account of its revenues. Although the title of the suit nominates the succession as plaintiff, the real and only plaintiff is the grand-daughter and sole forced heir of the deceased

The grounds of attack are that the sale, as such, was a mere simulation, intended to cloak or disguise a donation, and that such donation is itself null because it embraced all the property of the donor without reserving sufficient for her subsistence, in violation of C. C. 1497, and also because it reserved the usufruct in favor of the donor, in violation of C. C. 1533.

The act of sale is authentic and perfect on its face. The price is fixed at $900, of which $138.50 was discharged by the purchaser's assumption of a mortgage due. on the property, and the balance was acknowledged to have been paid in cash.

The sale was accompanied by a counter-letter which referred to and approved the sale, but which contained the further stipulations that the vendor should retain the entire usufruct of the property during her life, "that henceforth all the kindness and consideration due to an aged mother will be extended to me by said purchaser," and that "all

54

taxes now due or hereafter accruing upon said property have been assumed by said purchaser."

Taking the act and the counter-letter together, the transaction stands as a conveyance of the *naked* property in the thing sold upon the following considerations, viz: 1st, the sum of $900 named in the sale; 2d, the obligation to pay taxes past and future; 3d, the obligation to discharge the duties due from a child to an aged mother, which involve and include nurture, care and services in sickness and in health.

The party enjoying the usufruct of property is bound for the taxes; therefore the assumption of the purchaser to pay them was an obligation not imposed by law.

The purchaser was not the child of Mrs. Dopler, and owed her no legal duties; therefore the assumption of the duties imposed by law on a child was a distinct and additional consideration.

Nothing in the counter-letter attacks or is inconsistent with the verity of the consideration recited in the act of sale. On the contrary, the counter-letter recites and affirms the sale, only adding new stipulations in favor of the vendor and charges on the purchaser.

As we recently said in a similar case: "The act of sale is perfect on its face. It is just and translative. It can convey property. It describes the real estate, specifies the price in cash, acknowledges payment and settlement. It must stand for what it purports to be until it is set aside. The burden is upon those who attack to *prove* that it was made without consideration or an insufficient one." Moore vs. Wartelle, 39 Ann. 1070.

We agree with the judge *a quo* that the record does not exhibit the proof required.

The retention of possession by the vendor and her continued collection of rents after the sale, lose all significance as badges of simulation in view of the stipulations in the counter-letter. And if the giving of a counter-letter containing such stipulations be treated as itself suggestive of simulation, we think the evidence in the record conclusively rebuts such suggestion.

It is not disputed that the mortgage debt assumed was due and was actually discharged. While it is admitted that the balance of the price named in the act was not then paid in cash, yet there is evidence, not contradicted, that there were claims due the purchaser for moneys disbursed on the property and otherwise for account of the vendor which, with the other charges assumed, were taken as a satisfaction of the balance of the price. It is further proved that the purchaser fully

Dopler vs. Feigel.

discharged all the charges assumed; that she paid the taxes; that she performed all the duties of a daughter to her; that she contributed to the supply of her wants, nurtured and cared for her in every way, nursed her in illness and buried her at death. These duties involved, not only valuable services, but considerable expenditures of money.

We are satisfied that a sound and real consideration was given for the property, undoubtedly exceeding one-half of its value after deducting the value of the usufruct which the vendor reserved.

This being so, it is not necessary to class or nominate the contract assailed. The most favorable assumption for plaintiff would be to treat it as an onerous and remunerative donation in disguise. But even in that case the Art. 1526, C. C., declares that "the rules peculiar to donations *inter vivos* do not apply to onerous and remunerative donations, except when the value of the object given exceeds by one-half that of the charges or of the services."

Therefore, the prohibitions of Articles 1497 and 1533, C. C., heretofore referred to, which apply exclusively to donations, have no application. Landry vs. Landry, 40 Ann. 232.

The effect of the Article 1526 above quoted is to divide onerous and remunerative donations, whether open or disguised, into two classes: one in which the value of the object exceeds, by one-half, the value of the consideration, charges and services, and in which, therefore, the act has more of the character of a donation than of an onerous contract; and the other, in which the consideration, charges and services exceed one-half the value of the object, and in which the act has more the character of an onerous contract than of a donation. The former are treated as donations and subjected to the peculiar rules governing them; the latter are treated as onerous contracts and are governed by the different rules applicable to them.

The present act belonging to the latter class, we know of no rule by which an onerous contract, based on such consideration, passed between capable persons, and tainted with no vice of fraud, error, violence, or other illegality, can be annulled or avoided.

Nullity or annulment *vel non* being the only issue involved in this case, plaintiff's demand was properly rejected.

Judgment affirmed.