HAWTHORNE, Justice.
 

 Plaintiff-appellee John T. Moore by notarial act of sale conveyed to defendant-appellant Eugene C. Sucher an undivided one-half interest in a certain lot of ground and improvements at 1228 Chartres Street in the City of New Orleans. The consideration named in the sale was $14,-750, of which, according to the deed, $7,165.81 was paid in cash. As to the
 
 *1071
 
 balance of the purchase price, $7,584.19, the purchaser assumed and bound himself to pay one-half of the balance of $15,168.37 due on a certain promissory note secured by a vendor’s lien and mortgage on the property conveyed, payable to the Pelican Homestead Association.
 

 The vendor named in this act, John T. Moore, instituted this suit to have the act declared null and void and set aside on the ground that the sale was actually a donation in disguise which should be revoked because of ingratitude and non-performance of certain conditions imposed on the donee at the time of the donation. In the alternative he contends that the sale should be annulled and set aside for failure of consideration, in that the vendee did not pay the cash consideration named in the act and has failed to pay his portion of the balance due to the homestead pursuant to the terms of the mortgage on the property, one-half of which he had assumed and promised to pay.
 

 Plaintiff propounded to defendant Sucher written interrogatories which were answered in writing and under oath. In his answers to the interrogatories defendant admitted that the cash consideration named in the act of sale was never paid; that plaintiff Moore donated or gave to him the undivided one-half interest by the notarial act which appeared to be a sale; that since the date of the sale the only payments he had made on the mortgage, taxes, and insurance were one payment of $65 to Pelican Homestead on November 27 (approximately two weeks after suit was filed) and one payment of $64 for taxes at about the same time.
 

 After trial on the merits there was judgment decreeing the act of sale null and! void and ordering it cancelled. From this judgment defendant Sucher has appealed.
 

 Article 1559 of the Civil Code sets forth the causes for which donations inter vivos may be revoked. Among these causes are-the ingratitude of the donee and the nonperformance of the conditions imposed on the donee, which are the two grounds, urged by appellee for revocation of the-donation in the instant case.
 

 The first question presented here is. whether the rules peculiar to donations are applicable to the instant transaction; or,, in other words, whether the two causes relied on for revoking the donation as set forth in Article 1559 are applicable here-
 

 There are three kinds of donations, inter vivos — gratuitous, onerous, and remunerative. The gratuitous donation is one which is made without condition and merely from liberality. The onerous donation is one which is burdened with charges imposed on the donee. The remunerative donation is one which has as its object to recompense for services rendered. See Art. 1523, La.Civ.Code. In the instant case the facts show that al
 
 *1073
 
 -though the actual cash consideration named in the instrument was not in fact paid, nevertheless the vendee Sucher assumed, and bound and obligated himself to pay, -one-half of the balance on the outstanding mortgage on the property. Consequently the donation here is . one which is burdened with a charge on the donee and is onerous in character.
 

 Under Article 1524 an onerous donation is not a real donation if the value of the object given does not manifestly exceed that ■of the charges imposed on the donee, and under Article 1526 the rules peculiar to donations inter vivos do not apply to onerous and remunerative donations except when the value of the object given exceeds by one-half that of the charges or of the services.
 

 In Dopler v. Feigel, 40 La.Ann. 848, 6 So. 106, 107, this court said:
 

 “The effect of Article 1526 * * * is to divide onerous and remunerative donations, whether open or disguised, into two classes, — one in which the value of the object exceeds, by one-half, the value of the consideration, charges, and services, and in which, therefore, the act has more of the character of a donation than of an onerous contract; and the other in which the consideration, charges, and services exceed one-half the value of the object, and in which the act has more the character of an onerous contract than of a donation. The former are treated as donations, and subjected to the peculiar rules governing them; the latter are treated as onerous contracts, and are governed by the different rules applicable to them.” See also Landry v. Landry, 40 La.Ann. 229, 3 So. 728.
 

 In the instant case it is not disputed that the value of the object given, an undivided one-half interest in the property, is $14,750. It is likewise not disputed that the value of the charge imposed upon the donee is $7,584.19, one-half of the unpaid balance on the outstanding mortgage on the property. It will thus be seen that the charge here imposed on the donee exceeds one-half of the value of the object given. This being true, the act here under attack has more of character of an onerous contract than of a donation. Since the contract is of this nature, the rules peculiar to donations inter vivos have no application, and the donation cannot be revoked under the provisions of Article 1559.
 

 This brings us to appellee’s alternative demand in which he seeks to have the act decreed null and void for failure of the vendee to perform the condition imposed, which was to assume and pay one-half of the balance due on the homestead mortgage. In other words, appellee seeks the dissolution of the act for failure of consideration and non-performance of its conditions.
 

 The evidence is clear to us that appellant failed to discharge his -obligation
 
 *1075
 
 under the contract to pay one-half of the monthly payments to the homestead association, for at the time the instant suit was filed, he had never made any payment to the association.
 

 It is well settled in our law that a contract may be dissolved for non-performance of its conditions or failure of consideration. La.Civ.Code Arts. 2046, 2561, 2045, 2130; Vanzant v. Morgan, La.App., 181 So. 660; Shapiro v. Kimbrough, La. App., 20 So.2d 24.
 

 For the reasons assigned the judgment appealed from is affirmed.