111 So.2d 309

Dr. Joseph M. GARCIA

v.

John L. DULCICH, Sr.

No. 43765.

April 27, 1959.

Robert Louis Carruth of Beard, Blue & Schmitt, New Orleans, for plaintiff-appellant.

Cabral & Cabral, Gerard F. Call, New Orleans, for defendant-appellee.

HAWTHORNE, Justice.

On July 3, 1956, by act before a notary public and two witnesses there was conveyed to Dr. Joseph M. Garcia, plaintiff herein, and John L. Dulcich, Sr., defendant, for a consideration of $12,000 in cash a certain lot of ground in the City of New Orleans together with the improvements thereon bearing Municipal No. 6221 Burgundy Street. In other words, the vendors of this property conveyed it to the plaintiff and the defendant as copurchasers.

Approximately eight months later one of the copurchasers, Dr. Garcia, instituted this suit to have himself declared the sole owner of the property. He alleges that Dulcich, the other copurchaser, did not pay any part of the purchase price, and that the name of Dulcich had been included in the act of purchase without his knowledge or consent and through fraud or error. In the alternative he prays that if the court should find that no fraud or error occurred, he have judgment for one-half the amount of the purchase price. Further in the alternative he prays that if the court should hold that he intended to make a donation to defendant of a one-half interest in the property, the donation be revoked for failure of the defendant to comply with the conditions of the donation, and title to the property be placed solely in his own name.

Defendant in his answer made under oath denies that his name was included as a copurchaser through error or fraud, but admits that he paid no part of the purchase price and that Dr. Garcia paid the full $12,000. He avers in his answer that the purchase of the property resulted from an agreement between him and Dr. Garcia, whereby Dr. Garcia undertook to purchase the property and pay the entire purchase price with the intention that the defendant would have a one-half interest in it on the condition that the defendant and his wife would permit him to live with them in the house so acquired and furnish him with board, lodging, laundry, and care. Defendant avers that after the acquisition of the

property he, his wife, and Dr. Garcia moved into the house and lived together there in accordance with their agreement until plaintiff surreptitiously and secretly, early in September, 1956, removed his clothes from the premises; that Dr. Garcia's departure was not caused by any fault of defendant's and was without his knowledge.[1] In his answer defendant also alleges that he spent $903.08 for maintenance and upkeep of the premises, and prays that in the event this court should find that he is not the owner of a one-half interest in the property, there be judgment in his favor and against the plaintiff for this amount.

After trial on the merits plaintiff's suit was dismissed at his cost, and he has appealed.

For our decision in this case it is necessary for us to state only the following facts: Plaintiff, Dr. Garcia, 84 years of age, is a dentist who was still practicing his profession at the time of the trial in 1957 and was well off financially. He had been living in St. Bernard Parish, but on April 6, 1956, he moved into the home of defendant on Community Street in New Orleans under an arrangement by which he paid Mr. and Mrs. Dulcich $35 a month for room and board. About three months later, on July 3, 1956, the property here involved at 6221 Burgundy Street was acquired for $12,000 by act of sale in which both plaintiff and defendant were named as copurchasers. Dr. Garcia paid the entire purchase price as well as the cost of the sale, taxes, etc. Immediately after the acquisition of this property Dr. Garcia and Mr. and Mrs. Dulcich began to live there, and Dr. Garcia no longer paid the defendant for room and board. This arrangement continued at most for three and a half months, at the end of which time Dr. Garcia left the premises secretly, taking with him only a few of his personal belongings and leaving the others behind. He spent several nights in his office, and then moved into the home of Mr. and Mrs. Ritchie as a paying guest. He was still living with the Ritchies at the time this case was tried in the court below.

From our reading of the record we do not think that plaintiff has established with legal certainty his allegation of fraud or error in the inclusion of John L. Dulcich, Sr.'s name as a copurchaser of the Burgundy Street property. There is no evidence of error. As to fraud the degree of proof is inadequate. In Sanders v. Sanders, 222 La. 233, 62 So.2d 284, 286, it was stated:

---

1. The record does not disclose exactly how long Dr. Garcia lived at 6221 Burgundy Street with Mr. and Mrs. Dulcich. Plaintiff testified that he was there about a month, but in brief filed in this court by his counsel it is stated that he left the house in October, 1956. At most, the doctor lived with the defendant for about three and a half months.

"In the jurisprudence of this court it has been said that the charge of fraud is a most serious one; that one who alleges fraud has the burden of establishing it by legal and convincing evidence since fraud is never presumed, and that to establish the fraud exceptionally strong proof must be adduced. Strauss v. Insurance Co. of North America, 157 La. 661, 662, 102 So. 861; Garnier v. Aetna Ins. Co. of Hartford, Conn., 181 La. 426, 159 So. 705; Mutual Life Ins. Co. of New York v. Rachal, 184 La. 430, 166 So. 129; Metcalf v. Monsour, 195 La. 570, 197 So. 235; Mente & Co., Inc. v. Roane Sugars, Inc., 199 La. 686, 6 So.2d 731; American Guaranty Co. v. Sunset Realty & Planting Co., Inc., 208 La. 772, 23 So.2d 409. It has also been said that evidence showing that the fraud was probable or that the circumstances partook of a suspicious character is not sufficient, and that the fraud must be established by proof stronger than the mere preponderance of the evidence. Angichiodo v. Cerami, D.C., 35 F.Supp. 359; Fort v. Metayer, 10 Mart. (O.S.) 436; Charrotte v. Louisiana College, 1 La.App. 438; Woodward v. Barringer, La.App., 24 So.2d 200."

▮ Defendant in his answer judicially admits under oath that he paid no part of the purchase price, and that he was named

as a copurchaser in the act of sale by virtue of an agreement between him and Dr. Garcia in which he and his wife would permit the doctor to live with them in the house on the property and furnish him with board, lodging, laundry, and care for the rest of his life. In other words, from defendant's judicial admission it is clear that the transaction, although disguised as a sale in which he was named as a copurchaser, was in truth and in fact an onerous donation. This being so, we come to the question raised by plaintiff's alternative plea: If the court should find that petitioner actually made a donation to the defendant of a one-half interest in the property, then the donation of this interest should be revoked for failure of the defendant to comply with the conditions of the donation.

Dr. Garcia testified that for a short time after they moved into the house on Burgundy Street the defendant and his wife were very nice to him, but that then they became abusive; that on one occasion they locked him out of the house; that because of certain remarks he began to fear for his safety; that they told him they were tired of having anything to do with him, did not want to board him any longer, and did not care if they never saw him again; that because of his fear and the treatment he was receiving he left the house secretly without even taking all of his belongings,

moved to his office, spent a few nights there, and then became a paying guest in the home of Mr. and Mrs. Ritchie.

Of course the defendant and his wife denied any ill treatment of plaintiff. Mrs. Dulcich testified that she was very fond of the doctor, and both stated that he could come back to the Burgundy Street address to live any time he wished. To substantiate their statements that they had cared for and been kind to plaintiff they called the maid who was employed by them and several friends who had visited in their home, some before the move to Burgundy Street and some afterwards. All of these witnesses testified that Mr. and Mrs. Dulcich were kind and courteous to Dr. Garcia. Neither Mr. nor Mrs. Dulcich, however, advanced any convincing explanation of why Dr. Garcia left their home as he did, especially in view of the fact that according to them they were courteous and kind to him and held him in affection. They do not even suggest or imply that the elderly gentleman was not in full possession of his mental faculties.

As we view the matter, there is no doubt that Dr. Garcia had cause for leaving the Burgundy Street house. If he had not, it would be unnatural for him to leave the property in which he owned a one-half interest and where he was receiving room, board, and care without cost to him, and move to another place where he had to pay for room and board.

After considering all the circumstances there is no conclusion that we can reach except that he had just cause to leave the premises, and that defendant and his wife were no longer willing to provide him with room, board, laundry, and care. In other words, defendant failed to comply with the conditions of the donation.

As we have pointed out, defendant has judicially admitted that the one-half interest in the property was acquired by him by virtue of an onerous donation. It is plaintiff's alternative theory that he made an onerous donation to Dulcich of the one-half interest, and he seeks to have that donation set aside for failure of the defendant to comply with its conditions.

In Moore v. Sucher, 234 La. 1068, 102 So.2d 459, 460, we quoted with approval from the case of Dopler v. Feigel, 40 La. Ann. 848, 6 So. 106, thus:

"The effect of Article 1526 * * * is to divide onerous and remunerative donations, whether open or disguised, into two classes,—one in which the value of the object exceeds, by one-half, the value of the consideration, charges, and services, and in which, therefore, the act has more of the character of a donation than of an onerous contract; and the other in which the consideration, charges, and services exceed one-half the value of the object, and in which the act has more the

character of an onerous contract than of a donation. The former are treated as donations, and subjected to the peculiar rules governing them; the latter are treated as onerous contracts, and are governed by the different rules applicable to them."

In the instant case there is no evidence in the record of the value of the charges imposed on the donee—that is, the value of room, board, laundry, and care for the balance of Dr. Garcia's life. However, this is immaterial in the instant case. If the donation here is subject to the peculiar rules governing donations, then it may be revoked under Article 1559 of the Civil Code for "non-performance of the conditions imposed on the donee". If it is governed by the law of onerous contracts, it may be dissolved for non-performance of its conditions or failure of consideration under Articles 2045, 2046, 2561, and 2130 of the Civil Code. See Moore v. Sucher, supra.

█ Since we have decided that defendant is not the owner of a one-half interest in the property, we must consider his claim for $903.08 allegedly spent by him for maintenance and upkeep of the property. In support of this claim defendant offered in evidence an itemized statement in which he listed the cost and expense to him of repairs, alterations, maintenance, and improvements of the property, and swore that this list was true and correct and that the amount shown for each item was expended from his own funds. In cross-examining defendant plaintiff objected to three of these items—$235 for twin beds, mattresses, and springs which were for defendant's own personal use and acquired by him before the acquisition of the property, $15 for moving defendant's own air conditioning unit from the Community Street house to the Burgundy Street home, and $50 for moving expenses. We think the objections of plaintiff to these items were well founded, and we shall accordingly disallow them. Defendant will therefore have judgment for the balance of $603.08.

For the reasons assigned the judgment appealed from is annulled, reversed, and set aside. It is ordered that plaintiff, Dr. Joseph M. Garcia, have judgment against the defendant, John L. Dulcich, Sr., decreeing plaintiff to be the sole owner of the following described property:

"Two certain lots of ground, together with all buildings and improvements thereon and all rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining situated in the City of New Orleans in the Third District thereof, designated as Lots Nos. 2 and 3 in Square No. 317, bounded by St. Maurice Avenue, Rampart, Burgundy and Tricou Streets on sketch and certificate of survey dated January 15,

1909, signed by Geo. de Armas, late Surveyor and annexed to act passed before Robert Legier, Notary Public on May 12, 1909, according to which sketch said lots measure as follows, to-wit: Lot No. 2 lies at a distance of 134 feet 4 inches from the corner of Burgundy and Tricou Streets and measures thence 30 feet front on Burgundy Street by a depth of 156 feet 5 inches 7 lines between equal and parallel lines. Lot No. 3 lies at a distance of 104 feet 4 inches from the corner of Burgundy and Tricou Streets and measures thence 30 feet front on Burgundy Street by a depth of 156 feet 5 inches 7 lines between parallel lines. Said lots are likewise described on survey by Gilbert and Kelly, S., dated November 20, 1954, redated June ——, 1956, copy of which is annexed hereto for reference, and according thereto said lots are designated as being in the same square, district and having the same lot numbers and the same measurements as heretofore described. Improvements bear Municipal No. 6221 Burgundy St."

It is further ordered that defendant have judgment against plaintiff in the sum of $603.08.

Pursuant to the authority vested in this court by R.S. 13:4444 we tax all costs of this proceeding one-half to appellant and one-half to appellee.