BOLIN, Judge.
This suit is brought by two granddaughters of the deceased, Mr. and Mrs. Lafayette F. Dickens, seeking to be placed in possession of the estate of their grandparents and further seeking annulment of a purported sale of one-half of the community by Mrs. Dickens to her daughter, Mrs. Velta Dickens Huey. There was judgment in the lower court in favor of Mrs. Huey recognizing the validity of the transfer and placing petitioners in possession of their grandfather’s share of the community together with their aunt, Mrs. Huey. From this judgment petitioners appeal and Mrs. Huey answers the appeal seeking clarification of the lower court’s judgment with regard to certain expenses expended by her in behalf of the estate of Mr. Dickens and re-urging her earlier contention that one of petitioners, Roberta Dickens Gutierrez, has not proved her legitimacy nor right to inherit.
Petitioners are the sole surviving children of their predeceased parents who were children of Mr. and Mrs. Dickens. Mrs. Huey is the only surviving child of the Dickens couple. Her father, Lafayette F. Dickens, died in 1950 and her mother, Laura Sutton Dickens, died in 1963.
The sale under attack covered Mrs. Dickens’ one-half interest in the community property consisting of approximately 69 acres located in West Carroll Parish, Louisiana.
The instrument effecting the transfer is in the form of an authentic notarial act *230 executed in June, 1951. The consideration recited therein is as follows:
“The consideration for this sale and transfer is that the said Mrs. Velta Dickens Huey is the only living child of the said L. F. Dickens, and Mrs. Laura Sutton Dickens, and that the said Mrs. Velta Dickens Huey has cared for her mother since the death of her father and intends to continue to care for her, furnishing her with all necessaries of life, including money, medicines and medical care, and to care for and see after her as long as she lives.
“It is understood and agreed herein that as a further consideration the said Mrs. Laura Sutton Dickens, reserves the usu-fruct, and the use and benefit of the above described property as long as she lives, and it is understood and agreed that she is to receive all of the fruits from said property including all crops, and crop rentals, and the use of the residence thereon. The said Mrs. Velta Dickens Huey agrees to keep the said property in a good state of repair, and to pay all taxes and assessments due or to become due thereon.”
Appellants argue two factors strike this conveyance with nullity, the first being that Mrs. Dickens made a donation of all of her property, reserving nothing for her subsistence and thereby violated Louisiana Civil Code Article 1497, providing:
“The donation inter vivos shall in no case divest the donor of all his property: he must reserve to himself enough for subsistence; if he does not do it, the donation is null for the whole.”
The second allegation relative to nullity is the provision in the instrument reserving to the mother the usufruct, as well as the income from the property and the use of the residence thereon. This reservation is said to contravene Louisiana Civil Code Article 1533:
“The donor is permitted to dispose, for the advantage of any other person, of the enjoyment or usufruct of the immovable property given, but can not reserve it for himself.”
In support of the contentions that the transfer to Mrs. Huey is void as a gratuitous donation omnium bonorum appellants cite many early cases, together with two recent cases: Camus v. Camus, 91 So.2d 120 (La.App.Orl.1956) and Succession of Delaune, 138 So.2d 41 (La.App. 1 Cir. 1962). Our review of each of the cited cases leads us to the conclusion they are factually distinguishable from the instant case. In most of those involving donations the court found there was insufficient consideration to prevent the transaction from being gratuitous and, therefore the rules regarding such donation were applicable. In those involving purported sales, if the court failed to find the recited consideration was actually paid the sale would fall as a donation in disguise and void as to forced heirs. However, in the Delaune case, cited supra, the court made exhaustive findings regarding the nature of the consideration and/ concluded it adequate to sustain the validity of the transaction.
Appellee herein concedes the conveyance was no ordinary sale, but affirmatively argues it was a valid donation inter vivos, being both onerous and remunerative, and, therefore, the contentions set forth by appellants are inapplicable. She cites and relies- on Louisiana Civil Code Articles 1523, 1524, 1525, 1526 and 1527, providing:
“Art. 1523. There are three kinds of donations inter vivos:
“The donation purely gratuitous, or that which is made without condition and merely from liberality;
“The onerous donation, or that which is burdened with charges imposed on the donee;
“The remunerative donation, or that the object of which is to recompense for services rendered.”
*231 “Art. 1524. The onerous donation is not a real donation, if the value of the object given does not manifestly exceed that of the charges imposed on the do-nee.”
“Art. 1525. The remunerative donation is not a real donation, if the value of the services to be recompensed thereby being appreciated in money, should be little inferior to that of the gift.”
“Art. 1526. In consequence, the rules peculiar to donations inter vivos do not apply to onerous and remunerative donations, except when the value of the object given exceeds by one-half that of the charges or of the services.” (Emphasis added)
“Art. 1527. The donor may impose on the donee any charges or conditions he pleases, provided they contain nothing contrary to law or goods morals.”
As a consequence of the above Civil Code Articles we look to the evidence to determine whether the value of the object, i. e. “property” given, which value is estimated by petitioners as $6,900.00, exceeded by “one-half” the services rendered by Mrs. Huey to her mother. She attended her mother as long as the latter was able to remain in the family home and would spend as much as two weeks with her every few months taking care of her after the death of Mr. Dickens in 1950. When Mrs. Dickens suffered a stroke in 1953 Mrs. Huey took her mother to her home in Longview, Texas, and there waited on her for about nine months, following which Mrs. Dickens was able to return to her home in West Carroll Parish for a while. She became feeble and needed constant attention and care and Mrs. Huey took her back to Longview where she lived with her daughter for the last five and one-half years of her life until her death in 1963. The last two years of this period Mrs. Dickens was a bed-patient unable to do anything for herself. Mrs. Huey performed all the nursing care, as well as the household duties, and procured medical attention for her mother with no outside assistance. This evidence is established by testimony of Mrs. Huey, corroborated by that of other witnesses. We accept as established, by the uncontradicted testimony of Mrs. Huey, that she paid the taxes on the property, as required by the agreement in the deed, and the last twelve payments to the Federal Land Bank in satisfaction of the mortgage on the property involved.
Our independent research in the area of onerous and remunerative donations has aided us in resolving the question in the instant case in favor of defendant. We conclude the value of the services contemplated in the deed and rendered to the mother equalled or exceeded the value of the property conveyed. Thus, the charge imposed on the donee of support, with the proof that such charge was completely fulfilled for a period in excess of twelve years, sustains our conclusion the contract was an onerous donation and thus not subject to the rules of ordinary gratuitous donations; that the defendant has amply borne the burden of proving the value of the services she performed for her mother and is, therefore, entitled to be recognized as the owner of the property conveyed to her, being one-half of the whole of the community previously existing between her deceased mother and father. See Garcia v. Dulcich, 237 La. 359, 111 So.2d 309 (1959); Whitman v. Whitman, 206 La. 1, 18 So.2d 633 (1944) and cases discussed therein. Also, see 23 Louisiana Law Review 416 at 433, et seq.
Having thus determined the primary issue we deem it unnecessary to pass on the alternative plea of appellants that if the deed be held valid as a donation the court should reduce same to the disposable portion. As for the alternative plea in ap-pellee’s answer to the appeal asking the judgment be amended to attribute the value of the services “which could be asserted *232 against the respective estates”, we believe the award of the lower court to be adequate.
Accordingly, we find the award to appellee and against-appellants of a proportionate share of the expenses she incurred to preserve the estate of Lafayette F. Dickens and the expenses of his funeral proper. We likewise consider the lower court’s resolution of the question of the legitimacy of Roberta Dickens Gutierrez was correct and that she sufficiently established her heirship.
For the reasons assigned the judgment of the lower court is affirmed at appellants’ cost and particularly as it affects the following described property:
That certain lot or parcel of land in Floyd, Louisiana, bounded on the South by residence and land of Mrs. M. L. Herring, on the West by main public road running from Floyd, La. to Pioneer, La., and on the North and East by lands of W. C. Buchanan, and being the former residence and lot of Mrs. T. P. Wells, all in Section 36, Township 20 North, Range 10 East, and being the property purchased from J. D. Herring as per deed recorded in Notarial Book “U”, Page 630 of the Records of West Carroll Parish, Louisiana, also
The East Half of East Half of Block 14, and all of Block 4, of the Village of Floyd, La., and being property deeded to L. F. Dickens, as per deed recorded in Notarial Book “U”, Page 629 of the Records of West Carroll Parish, Louisiana, executed by J. D. Herring, and
The East Half of the Northeast Quarter of Section 35, Township 20 North, Range 10 East, less Town lots previously sold, containing 60 acres more or less, and being property purchased by L. F. Dickens from Chas. Goodson, as per deed recorded in Notarial Book “M”, Page 107 of the Records of West Carroll Parish, La.