AYRES, Judge.
This is an action to rescind or to annul an alleged inter vivos donation by plaintiff’s ancestor in title to the defendant, Richland Parish School Board, of a described 2-acre tract of land for an alleged failure to perform several onerous conditions prescribed in the act of donation.
Defendant excepted to plaintiff’s petition as disclosing no right of action in plaintiff to institute this action or to stand in judgment. This exception is based on the proposition- that plaintiff is without right or interest to revoke the donation made by plaintiff’s successor in title and of which it was a vendee seventh removed. It is thus contended the donation may be revoked only by the donor or his heirs.
From a judgment sustaining defendant’s exception and dismissing the action, plaintiff appealed.
The record discloses that by an instrument filed for record January 14, 1931, and recorded in the conveyance records of Rich-land Parish, Cochran & Franklin Company, Inc., conveyed to the defendant school board a described 2-acre tract of land carved out of Lot 6 of Chess-Wymond’s Recorded Plat which comprised a quarter section of the donor’s immense holdings. This instrument was in the form of a deed which contained this recital:
“The price for which the above sale is made is the erection of a school building on the hereinabove described property by the School Board of Richland Parish and the maintenance by the said School Board of Richland Parish of a school for colored children in the school building so' erected.”
While from this recital it would appear that the instrument could properly as well be classed as an onerous contract rather than a donation, all counsel refer to the document as an onerous donation.
The school board erected a school building on this property and, for a period exceeding 30 years, and until the session of 1969-1970, maintained a school therein for colored children. It is alleged the school board thereafter abandoned all plans for the maintenance of a school for Negro children at that location.
In a chain of title emanating from Cochran & Franklin Company, Inc., April 8, 1932, and containing in all seven transfers, *752 plaintiff Corporation claims to have acquired title to the property July 2, 1962. These alleged conveyances described considerable property and included, without exception or limitation, the whole of Lot 6 of the aforesaid plat. No reference or mention was noted in any of the deeds of the prior conveyance of the 2-acre tract, nor that the tract was to be excluded from those sales or conveyances.
The record discloses the further fact, possibly having some bearing upon plaintiff’s right to institute this action, that Cochran & Franklin Company, Inc., the donor or vendor of the property, has long since been dissolved, leaving no successors.
The gist of plaintiff’s complaint is that by reason of the nonperformance of the charges and conditions imposed by the donor of the property, and accepted by the defendant, and by reason of the abandonment of plans for maintaining a school for colored youths or any school on the property, the donation was dissolved, and that the unencumbered title to the property, together with the improvements thereon, vested in petitioner as the successor in title of the dissolved corporate donor.
It appears appropriate to observe at this point that, by timely objections, the issue now before the court pertains only to plaintiff’s right or interest to institute and maintain this action. No question is now presented as to the sufficiency of plaintiff’s petition to state or disclose a cause of action ; nor is there any issue before us bearing upon the merits of the case. With respect to these, we neither have nor express an opinion, nor do we have any right or authority to do so.
Defendant’s position is that the right to a rescission or an annulment of an onerous donation is a personal right, enforceable only by the donor or his heirs. Causes for which donations inter vivos may be revoked are set forth in LSA-C.C. Art. 1559. Among these causes is “The non-performance of the conditions imposed on the donee; * * The donation here is one which is burdened with a charge on the donee. The charge is that the donee erect a school building on the donated property and maintain a school therein for colored children. This donation is accordingly, and as classified by the litigants, onerous in character. LSA-C.C. Art. 1523.
However, an onerous donation is not a real or actual donation if the value of the object given does not clearly exceed that of the charges imposed upon the donee. LSA-C.C. Art. 1524. A consequence is that the rules peculiar to donations inter vivos are inapplicable to onerous donations except when the value of the object given exceeds by one-half that of the charges or of the services. LSA-C.C. Art. 1526.
In these respects, the Supreme Court had occasion in Succession of Dopler, 40 La.Ann. 848, 6 So. 106, 107 (1888), to state:
“The effect of article 1526, * * *, is to divide onerous and remunerative donations, whether open or disguised, into two classes, — one in which the value of the object exceeds by one-half the value of the consideration, charges, and services, and in which, therefore, the act has more of the character of a donation than of an onerous contract; and the other in which the consideration, charges, and services exceed one-half the value of the object, and in which the act has more the character of an onerous contract than of a donation. The former are treated as donations, and subjected to the peculiar rules governing them; the latter are treated as onerous contracts, and are governed by the different rules applicable to them.”
See, also:
Landry v. Landry, 40 La.Ann. 229, 3 So. 728 (1888);
Moore v. Sucher, 234 La. 1068, 102 So.2d 459, 460-461 (1958).
In the latter case it was emphasized that a contract may be dissolved for nonperformance of its conditions or for failure *753 of consideration. These authorities were cited:
LSA-C.C. Arts. 2045, 2046, 2130, and 2561;
Vanzant v. Morgan, 181 So. 660 (La.App., 2d Cir. 1938);
Shapiro v. Kimbrough, 20 So.2d 24 (La.App., 1st Cir. 1944).
Obligations may be classified as strictly personal', heritable, or real. LSA-C.C. Art. 1996. An obligation is said to be strictly personal when no other but the obligee can enforce its performance or when it can be enforced only against the obligor. LSA-C.C. Art. 1997. This, plaintiff-appellee asserts, is the character of the obligation created by the instrument from Cochran & Franklin Company, Inc., to the Richland Parish School Board. However, in the additional language of this article, an obligation “ * * * is heritable when the heirs and assigns of the one party may enforce performance against the heirs of the other.”
Moreover, “Every obligation shall be deemed to be heritable as to both parties, unless the contrary be specially expressed, or necessarily implied from the nature of the contract.” LSA-C.C. Art. 1999. Thus, as declared by LSA-C.C. Art. 2008:
“Heritable obligations and stipulations give to and impose upon heirs, assigns, and other representatives, the same duties and rights that the original parties had and were liable to, except that beneficiary heirs can only be liable to the amount of the succession.”
There is no expressed, contrary stipulation in the act of donation to the school board; nor is there any language therein from which it could be concluded that the right or obligation was not heritable. Therefore,
“All rights, acquired by a heritable obligation, may be assigned [and transferred] ; this assignment may be made, expressly by contract granting such right, or impliedly by the conveyance of the property to which they are attached." (Emphasis supplied.)
LSA-C.C. Art. 2009.
Thus, we conclude the right to rescind or annul the donation to be heritable, assignable, and transferable. See Castleman v. Smith, 148 La. 233, 86 So. 778, 782 (1920), wherein its was stated:
“ * * * Therefore the petition seems to resolve itself into an action to annul an onerous or remunerative donation (which is equivalent in law to an ordinary contract), not because of an insufficient consideration, but because of the entire failure of consideration. It follows that the rights of the parties will have to be determined by the law governing such donations or contracts. Undoubtedly this right of action in the donor was a heritable one and passed to his heirs at his death, whether forced or collateral, and was transmitted by his granddaughter, Eugenia Haynes, when she died, to the plaintiff." (Emphasis supplied.)
Moreover, no one other than plantiff has an interest in the enforcement of the resolutory condition. The donor or vendor, a corporation, as heretofore noted, has been dissolved. Should the donor exist and should it institute a similar action and cause to be enforced the resolutory condition, the recovery by it of the property would inure to the benefit and ownership of the present plaintiff under the principle applicable to after-acquired property. Thus, through the transfers of the property beginning with the donor and concluding in that to it, plaintiff would succeed to the ownership.
Under LSA-C.C.P. Art. 681, “Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts.”
Defendant cites and relies upon a line of cases which hold that the heirs of a donor should at least be joined as parties-plain *754 tiff in actions to rescind or annul donations. Representative of these cases are:
Thibodeaux v. Comeau, 30 La.Ann. 1119 (1878);
Brittain v. Richardson, 3 Rob. 78 (1842);
Hart v. Boni, 6 La. 97, 98 (1833).
These cases would appear to be distinguishable from the instant case, as it seems there the heirs had individual or special interests or rights which needed to be enforced by them and which were of no particular benefit to the estate where there were no creditors concerned. For instance, in the Thibodeaux v. Comeau case, the action was to annul a donation because the donees had been guilty of cruel treatment and grievous injuries toward the donor whom they were obligated to keep in their home, care for, and treat with the respect due a father by good children. The Brit-tain v. Richardson and Hart v. Boni cases involved matters of particular interest and concern of the heirs, the enforcement of which was apparently of no particular concern otherwise.
The rules enunciated in the above-stated line of cases have apparently been abrogated by LSA-C.C.P. Art. 685, which provides :
“Except as otherwise provided by law, the succession representative appointed by a court of this state is the proper plaintiff to sue to enforce a right of the deceased or of his succession, while the latter is under administration. The heirs or legatees of the deceased, whether present or represented in the state or not, need not be joined as parties, whether the action is personal, real, or mixed.”
Nor do we find applicable a line of decisions of which George v. Lewis, 11 La.Ann. 654 (1856), and R. E. E. De Montluzin Co. v. New Orleans & N. E. R. Co., 166 La. 822, 118 So. 33 (1928), are representative. Such cases involve the character of actions as they relate to prescription under LSA-C.C. Art. 3544. This article provides that, in general, all personal actions, except those before enumerated, are prescribed by 10 years. Actions to rescind or annul donations inter vivos fall within that category and, hence, for the purpose of prescription, are classified as personal actions. These actions are not within the category of obligations strictly personal as contemplated in LSA-C.C. Art. 1997. The obligations contemplated under the prescriptive article include heritable obligations, transferable and assignable. Thus, the authorities having reference to personal actions with regard to prescription have no application in the instant case.
Therefore, pursuant to the principles of law to which we have referred, we are constrained to conclude that plaintiff has a right of action to rescind or annul the sale or donation, onerous in character, of the 2-acre tract of land made by the Cochran & Franklin Company, Inc., to the defendant school board on a basis that the right to so do is a heritable obligation, subject to assignment, and actually assigned and transferred to plaintiff through the chain of title or series of deeds emanating from the donor and culminating in plaintiff, as specifically provided under the terms of LSA-C.C. Art. 2009; and, indeed, that plaintiff is the only party with a real and actual right or interest to claim a rescission or assert a nullity of the donation.
For the reasons assigned, the judgment appealed is accordingly avoided, annulled, reversed, and set aside; defendant’s plea of no right of action is now overruled; and, further, this cause is remanded to the Honorable, the Fifth Judicial District Court in and for the Parish of Richland, State of Louisiana, for further proceedings consistent with the views herein expressed and according to law.
The defendant is assessed with such cost as is assessable against it.
Reversed and remanded.