# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## CA 13-1206


**SUCCESSION OF**

**MCKINLEY VAN BROWN, JR.**



**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 12-P-5638-C
HONORABLE JAMES PAUL DOHERTY  JR., DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## BILLY HOWARD EZELL
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Jimmie C. Peters, Billy Howard Ezell, and Shannon J. Gremillion, Judges.



**AFFIRMED.**

**Vanessa Harris**
**Harris and Harris**
**1015 North Main Street**
**Opelousas, LA 70570**
**(337) 942-6788**
**COUNSEL FOR APPELLEES:**
    **McKinley Van Brown**
    **Jodi Brown**
    **Daphne Inez Brown**

**Gloria A. Angus**
**Angus Law Firm, LLC**
**P. O. Box 2337**
**Opelousas, LA 70571**
**(337) 948-8800**
**COUNSEL FOR APPELLEE:**
    **Fresh Oil Fresh Anointing Ministries, LLC**

**Derriel Carlton McCorvey**
**P. O. Box 2473**
**Lafayette, La 70502**
**(337) 291-2431**
**COUNSEL FOR APPELLANT:**
    **Pauletta Gedward, Administrator**

**EZELL, Judge.**

Pauletta Gedward, as administrator of the succession of her deceased husband, McKinley Van Brown, Jr., appeals a trial court judgment that ordered the return of $30,000.00 to his daughter, Daphne Brown. Ms. Gedward argues that the transfer of the $30,000.00 was a remunerative donation and the trial court erred in finding that an onerous contract existed between the deceased and his daughter.

## FACTS

Daphne Brown was living with her parents when she gave birth to a son, Marcus, on October 9, 1996. Ms. Brown moved out of the home when Marcus was three or four years old. Marcus continued living with her parents, and then continued living with her father when her parents divorced in 2005. Mr. Brown provided all financial support for Marcus since his birth, including tuition for private school. Ms. Brown made no contributions for the financial support of Marcus. Marcus was living with his grandfather when Mr. Brown died on October 26, 2012. Marcus then moved in with his mother.

In 2009, Ms. Brown was involved in an accident resulting in a recovery of money in 2011. On August 31, 2012, Ms. Brown purchased a cashier's check in the amount of $30,000.00 payable to her father. Ms. Brown testified that she presented the check to her father to pay for the rest of her son's high school tuition in addition to college expenses.

After Mr. Brown's death, his wife, Pauletta Gedward, was appointed administrator. Ms. Brown and her sister, Jodi Lemon, filed a motion to traverse the detailed descriptive list filed by Ms. Gedward in addition to seeking revocation of the $30,000.00 donation. A hearing on the issue of the characterization of the $30,000.00 donation was held on April 26, 2013.

In its reasons for judgment, the trial court accepted the testimony of Ms. Brown that the funds were to be used to pay for her son's future education. The trial court ordered the return of the $30,000.00 since Mr. Brown was no longer in a position to carry out the conditions placed upon him. Ms. Gedward then filed the present appeal.

## DISCUSSION

Ms. Gedward argues that the donation by Ms. Brown to her father was a remunerative donation for all the expenses he incurred in the past while raising Marcus. She claims that what Mr. Brown did for Marcus speaks louder than Ms. Brown's own self-serving testimony.

There are three types of inter vivos donations: (1) gratuitous; (2) onerous; and (3) remunerative. La.Civ.Code arts. 1468, 1526, and 1527. "The gratuitous donation is made purely from liberality; the onerous donation is burdened with charges upon the donee; and the remunerative donation is given to recompense the donee for services rendered in the past." 10 Kathryn Venturatos Lorio, Louisiana Civil Law Treatise § 8:13, p. (2d ed. 2013). Rules that are applicable to donations inter vivos do not apply to onerous and remunerative donations when the value of the charge or service performed exceeds by two-thirds the value of the gift. La.Civ.Code arts. 1526 and 1527. The rules applicable to donations inter vivos do not apply because it is not a true donation. *Averette v. Jordan*, 457 So.2d 691 (La.App. 2 Cir. 1984). When it is not a true donation, the rules applicable to contracts apply. *Garcia v. Dulcich*, 237 La. 359, 111 So.2d 309 (1959); *Maleig v. Maleig*, 435 So.2d 496 (La.App. 4 Cir.), *writ denied*, 441 So.2d 765 (La.1983).

In reasons for judgment, the trial court ruled that the donation of $30,000.00 was both a remunerative and an onerous donation. However, the trial court then

2

discussed the donation as a completely onerous donation in which the donee's death prevented him from fulfilling the obligations imposed by the onerous donation. The trial court then applied La.Civ.Code art. 1876 and held that the contract was dissolved by the fortuitous event of Mr. Brown's death resulting in his inability to perform the obligation of paying for the education of Marcus.

It is clear that the parties differ on whether the donation was a reimbursement for Mr. Brown's payment of Marcus's educational expenses in the past or was compensation to help fund Marcus's future educational expenses. If the money was payment for past services, then the succession would keep the money because the contract was complete. However, if the money was for Marcus's future education, then Mr. Brown's death, just two short months after the presentation of the money, prevented him from carrying out the obligation imposed on him. Testimony was introduced by both sides as to the reason for Ms. Brown's presentation of the $30,000.00 cashier's check to her father.

Ms. Brown testified that she gave the money to her father because she wanted Marcus to go to college and to help pay for the remainder of his private high school education. Ms. Lemon's testimony confirmed her sister's version. Ms. Lemon knew nothing about the money until her father told her about it. She testified that her father told her that her sister had given him a check for $30,000.00 for Marcus for school expenses. Ms. Lemon stated that her father was happy about the money because Marcus was going to college in a few years.

On the other hand, Ms. Gedward testified that her husband told her that Ms. Brown gave him the money in appreciation for taking care of Marcus from the time he was born. She further testified that her husband had paid Ms. Brown's rent and utility bills for ten years after she moved out of the house and Ms. Brown gave

3

him the money as a token of appreciation for what Mr. Brown did for her and Marcus.

Obviously, the trial court based its decision on the testimony of Ms. Brown and her sister in ruling that the money was given to Mr. Brown for the benefit of Marcus's future education. Under the manifest error/clearly wrong standard of review, findings by the trial court based on determinations regarding the credibility of witnesses are entitled to great deference because only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. *Rosell v. ESCO*, 549 So.2d 840 (La.1989).

The trial court obviously placed more credibility on Ms. Brown's testimony and that of her sister rather than Ms. Gedward's testimony. We find no manifest error in this ruling.

The judgment of the trial court is affirmed. Costs of this appeal are assessed to the Succession of McKinley Van Brown, Jr.

**AFFIRMED.**